# Exhibit 1 A

This form is affected by the Privacy Act of 1974... before completing this form.

| | | CHARGE NUMBER |
|---|---|---|
| | ☒ EEOC | 330A200805 |

Texas Commission on Human Rights
*State or local Agency, if any*                                    and EEOC

NAME *(Indicate Mr., Ms., Mrs.)*

Mr. Stevan E. Johnson

HOME TELEPHONE *(Include Area Code)*
(713) 320-6979

STREET ADDRESS                     CITY, STATE AND ZIP CODE
1421 N. Dunton Ave, Arlington Heights, IL 60004

DATE OF BIRTH
06/26/1971

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME
CONTINENTAL AIRLINES

NUMBER OF EMPLOYEES, MEMBERS
Cat D (501 +)

TELEPHONE *(Include Area Code)*
(713) 230-1869

STREET ADDRESS                     CITY, STATE AND ZIP CODE
INTERCONTINENTAL AIRPORT, P. O. BOX 60307, Houston, TX 77205

COUNTY
201

NAME

TELEPHONE NUMBER *(Include Area Code)*

STREET ADDRESS                     CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST        LATEST
04/04/2001     10/17/2001

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I.  On or about June 8, 1994, I began my employment with Continental Airlines, Inc., as a Customer Service Agent.  On or about April 4, 2001, I complained to Rich Fulmore, Human Resources Staff Member, about what I perceived as discriminatory treatment I suffered as an employee supervised by Peter Walsh, Supervisor.  To the best of my knowledge, Mr. Fulmore did not conduct an investigation into my allegations.  Mr. Fulmore's failure to investigate my allegations prevented me from transfering to the Boston station, as my decision to transfer hinged upon his investigation of my allegations.  I am aware of at least one White female who upon complaining to Mr. Fulmore about allegations of discrimination had her complaints immediately investigated.

Continental Airlines, Inc., refused to allow me an opportunity to appeal my suspension.  I am aware of White employees who have been allowed to appeal issues of suspension in the past per the contractual agreement between the company and the Field Service employees.

I received notice of my apparent termination on August 17, 2001.  The actual date provided by Continental Airlines, Inc., for my termination was July 20, 2001.

I was later denied an opportunity to participate in the appeals process regarding my termination.

** Text is Continued on Attached Sheet(s) **

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - *(When necessary for State and Local Requirements)*

MARINA H. GUERRA
My Commission Expires
November 9, 2005

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Month, day and year)*
1/4/02  Marina H. Guerra

Date          Charging Party *(Signature)*
EEOC FORM 5 (Rev. 07/99)

Jan  4 12:41 2002  CP Initials _____    Chg # 330A200805, Attachment Page 1

----------------------------------------------------------------

Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
----------------------------------------------------------------

I.F.  Mr. Fulmore advised me on August 6, 2001, that he was conducting
an investigation and was near the investigation's completion.  Due to
Mr. Fulmore's failure to investigate my allegations I did not transfer
to the Boston station, which played a vital part in my suspension and
subsequent termination.

I was denied an appeal by Katherine Churchill, Senior Manager Human
Resources, allegedly due to the fact that I had not suffered a
disciplinary action.  I was also denied an appeal by Ms. Churchill on
or about September 5, 2001, for my termination. I was later contacted by
Ryan Price, Managing Director Field Services Human Resources, advising
me that I was not going to be allowed an opportunity to appeal the
company's decision regarding my termination.

III. I believe I was discriminated against because of my race, Black, in
violation of Title VII of the Civil Rights Act of 1964, as amended.

# Exhibit 1 B

Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

To:
Mr. Stevan Johnson
1421 N. Dunton Ave
Arlington Heights, Il 60004

From:
Equal Employment Opportunity Commission
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002

[ ] *On behalf of a person aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Certified Mail No. 70993220000887272800 |
|---|---|---|
| 330A200805 | Ron Wideman, Supervisor CRTI | Telephone No. (713) 209-3332 |

**YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON.** *(See the additional information attached to this form.)*

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission.

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, i.e., you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

## - NOTICE OF SUIT RIGHTS -

[X] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost. **WITH THE ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, THE COMMISSION IS TERMINATING ITS PROCESS WITH RESPECT TO THIS CHARGE.**

[ ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue is lost. **WITH THE ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, THE COMMISSION IS TERMINATING ITS PROCESS WITH RESPECT TO THIS CHARGE.**

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

1/9/02
(Date)

On behalf of the Commission

H. JOAN EHRLICH
DISTRICT DIRECTOR

cc: Mr. Robin Curtis
CONTINENTAL AIRLINES, INC
1600 Smith Street/Mail Code Hq
Slg. 41 Floor
Houston, TX 77002
RESPONDENT CONTACT PERSON

Enclosures
Information Sheet
Copy of Charge

EEOC Form 161 (Test) 5/95)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED Y THE EEOC

(This information relates to filing suit in federal or
State court under federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)   .

PRIVATE SUIT RIGHTS-            Title VII of the Civil Rights Act, the American with Disabilities
                               Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date
you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based
on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore,
in order to avoid any questions that you did not act in a timely manner, it is prudent that your suit be filed within 90 day of the date
this Notice was mailed to you (as indicated where the Notice is signed.)

You lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is
the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.
Filing this Notice is not enough. You must file a "complaint" that include any matter alleged in the charge or, to the extent permitted
by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the
alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the
employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers
from the office of the clerk of the court where you are bringing suit, but do not expect that office to write you complaint or make
legal strategy decisions for you.

PRIVATE SUIT RIGHTS-Equal Pay (EPA):

EPA suits must be filed in court 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations
that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the
EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 - not 12/1/98 in order to recover unpaid wages
due for July 1996. This time limit for filing an EPA suit is separate from the 90-day period under Title VII, the ADA of the ADEA
referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim,
suit must be filed within 90 days of this Notice and within the 2 or 3 year EPA back pay recovery recovery period.

ATTORNEY REPRESENTATIVE - Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case
may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to U.S. District Court
in the form and manner it requires (you should be prepared to explain in detail your efforts to remain an attorney). Request should
be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to
bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE - All Statutes:

You may contact the EEOC representative shown on you Notice if you need help in finding a lawyer of if you have any questions
about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy
of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on
your Notice). While EEOC destroys charge files after certain time, all charge files are kept for at least 6 months after our last action
on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this
Notice. (Before filing suit, any request should be made within the next 90 days.)

**If You file Suit, Please Send A Copy Of Your Complaint To This Office.**

To File cases in Federal Court contact:

| U.S. District Court - Bob Casey Federal Building | U.S. District Court | U.S. District Court |
|---|---|---|
| District Clerk's Office | 601 Rosenberg, Room 411 | 104 Jack Brooks Building |
| 515 Rusk - 1" Floor | Galveston, Texas 77551 | 300 Willow Street |
| Houston, Texas 77002 | | Beaumont, Texas 77701 |
| (713) 250-5500 | | |

# Exhibit 2 A

This form is affected by the Privacy Act of 1974; See Privacy Act Statement bef. completing this form.

AGENCY
☒ EEOC

CHARGE NUMBER
330 A2 01075

Texas Commission on Human Rights
State or local Agency, if any

_____ and EEOC

NAME (Indicate Mr., Ms., Mrs.)
Mr. Stevan E. Johnson

HOME TELEPHONE (Include Area Code)
(713) 320-6979

STREET ADDRESS                          CITY, STATE AND ZIP CODE
1421 N. Dunton Ave, Arlington Heights, IL 60004

DATE OF BIRTH
06/26/1971

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME
CONTINENTAL AIRLINES

NUMBER OF EMPLOYEES, MEMBERS
Cat D (501 +)

TELEPHONE (Include Area Code)
(713) 230-1869

STREET ADDRESS                          CITY, STATE AND ZIP CODE
INTERCONTINENTAL AIRPORT, P. O. BOX 60307, Houston, TX 77205

COUNTY
201

NAME

TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS                          CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST          LATEST
04/04/2001    10/17/2001

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):
(See Attachment)

BEATRICE BURROUGHS
MY COMMISSION EXPIRES
March 15, 2004

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

_____    1/23/2
Date    Charging Party (Signature)

NOTARY - When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)
January 23, 2002

EEOC FORM 5 (Rev. 07/99)

## THE LAW OFFICES OF JAMES R. DAVIS, PLLC
1447 Yale St.
Houston, Texas 77008
attorney@houston.rr.com
(713) 721-0500
(713) 426-6010 FAX

January 25, 2001

Houston District Office EEOC
1919 Smith Street, 7ᵗʰ Floor
Houston, TX. 77002

Re:    Filing of Racial Discrimination, Retaliation  and wrongful termination complaint by
        Stevan Erik Johnson

Dear EEOC Complaint Investigator:

My office has been retained by Stevan Erik Johnson to help him in a dispute involving racial discrimination, retaliation and ultimately wrongful termination at the hands of his employer and its agents. We advised Mr. Johnson that he was allowed under both state and federal law to pursue this matter by filing a charge with the EEOC and /or THRC. It is my understanding that the commission will, through a "work sharing agreement," dual file with the THRC. Please send our complaint to the THRC for compliance and review. Per customary policy, the EEOC will retain the charge for handling. If this procedure is to be changed or deviated from, please notify this office. At all time during EEOC questioning, this office requests that we be notified so we may be in attendance to protect my client's rights.

This claim is being filed independent of the charge filed on January 4, 2002. In addition, this same charge is being filed as a supplement to the January 4, 2002 to not be time barred on any claims that might otherwise be lost. I would request immediate mediation to grapple with the sensitive issues provided in the supplement and the original January 28, 2002 filing.  This charge was filed by this office on an emergency basis to preserve client's claim.

Complaining Party's Name:  Stevan Erik Johnson
Address:                          1421 North Dunton Ave., Arlington Heights, IL. 60004
Telephone Number:            (713) 320-6979

Respondent Employer's Name: Continental Airlines
Address:                          P.O. Box 60307, Houston, TX 77205
Telephone:                        (713) 230-1869

Short description of the Alleged Violation:

    Mr. Johnson was hired as a customer service agent in 1994 for Continental Airlines. On July 20, 2001 Mr. Johnson was fired in retaliation for his desire to be free from impermissible racial practices conducted by Continental. Tex. Labor Code Sec. 21.055. His rights protected under Tex. Labor Code Sec. 101.003 were violated because he is a black man in violation of State and Federal anti-discrimination laws. The loss of this job has left my client currently on the brink of financial destruction. Because Mr. Johnson sought to bargain freely with his employer, as an individual represented by counsel, for terms of his employment he was denied his inherent right to work. He was treated like a slave in that he spoke up for his right to bargain and be treated equally and he was punished accordingly for not being a submissive black man. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968).
    My client is a victim of disparate impact discrimination and disparate treatment in the workplace on racial grounds. Mr. Johnson was not willing to be coerced into subjecting himself to a treatment that whites similarly situated were not **forced** to engage, namely, obligatory biometric scanning. This action on the part of Continental violated Title VII as well as Sections 21.051, 21.052, 21.055, 21.056, 21.058, 21.122, 21.125, 101.003 of the Texas Labor Code.
    Attorney's fees shall be sought in this matter pursuant to State and Federal law as permitted. Mr. Johnson was told that his failure to image was the basis of an abandonment claim used as an illegal pretext for an otherwise retaliatory/discriminatory firing. Stevan Johnson claims he was wrongfully terminated. Mr. Johnson claims that Continental Airline's agents, Katherine Churchill and Louis Obdyke discriminated against him in their managerial and legal capacities.
    He claims a civil conspiracy to deny him his right to work and be free from impermissible racial discrimination in the workplace. In addition, he never refused to be biometrically scanned, while other employees, mainly white employees, are still employed without being fingerprinted. Agents of Continental knew of the disparate impact of their policies and fostered them to such an extent that racial stratification occurred on the basis of refusal to submit to an invasive test.
    Airlines are clearly incapable of protecting the confidentiality of sensitive biometric images. My client, among 100 others have voiced concerns over this biometric scanning procedures in place. To the best of Mr. Johnson's knowledge no one else has been terminated because of their opposition to scanning procedures.
    Please note Mr. Johnson never refused to do the scan, unlike white's who were similarly situated and still employed. This is disparate impact and treatment by definition. There are serious damages both actual and punitive in this cause which will be proven. Mr. Johnson is seeking damages for reputation loss. He claims lost wages, vacation pay, front pay, and other compensable damages allowed by law.
    Business necessity as defined by Section 21.115 is not an excuse for the forced implementation of a racist tracking system, especially when it is the proverbial master/slave relationship in question. There has always been less invasive methods of tracking employees which did not infringe on civil liberties, even in today's restrictive workplace.

February 28, 2001

Ironically, Mr. Johnson was admonished for not taking advantage of the appeals process to lodge complaints for racism on the part of Continental employees. On June 6, 2001, Katherine Churchill denied his right to appeal his suspension. Again he filed a second request for appeal and it too was denied. My client alleges that he was denied the appeal due to impermissible racial discrimination. Once he was attacked for not using the system, now it is denied to him altogether.

April 4, 2001

Mr. Johnson met with Rich Fulmore to allege discriminatory and retaliatory actions on the part of Peter Walsh, SAS supervisor over a period of two years. They met for three hours. Mr. Johnson told him about the last incident that occurred which Mr. Johnson was written up for allegedly for not having enough bag carts in the bag room. The G.M., Jeff Willis said the issue was "squashed" until he asked him why he was removed from the work area. On July 1, 1999, Peter Walsh's report was not submitted until July 8, 1999, 1 day after Mr. Johnson alleged disparate treatment and impact in the workplace. Jeff Willis also made mention that he was "taking me out of harms way" as the reason for changing his work area. When other white employees failed to perform duties they were not removed. Note that this hub is mainly white. This caused my client embarrassment and scorn which lasts through this day.

May 26, 2001

Mr. Johnson was brought into Nick Petrov's office and told he would be given something in writing by Nick before he would have to biometrically scan. Before meeting with Mr. Petrov, Mr. Johnson met with "Rose" from Resource in Houston wherein she forcibly attempted to cause Mr. Johnson's hand to touch the biometric machine. She stated "everyone else is doing it, so you have to do it too". Mr. Johnson stated that he wanted to speak with somebody before doing this procedure. He stated he had strong fears about the misuse of the data. Airline security is extremely weak as we all have seen by recent events.

June 1, 2001

Rose refused to enter my client into the system even though Nick Petrov stated that he would give Mr. Johnson something in writing to assuage his concerns about security and privacy. In addition, Mr. Johnson talked to Mr. Petrov again on the phone in the presence of Rose, wherein Mr. Petrov stated "you are not going to image until I give you something in writing"? Mr. Johnson said' Isn't that our agreement"? Mr. Petrov refused to honor the commitment he made earlier to Mr. Johnson and made it appear that he never had made such an agreement, thereby casting the aspersion that Mr. Johnson is a liar.

On the same day Robert "Bob" White had Mr. Johnson in his office from 12:05 p.m to

12:55 p.m. and used intimidating tactics such as, threats, intimidating periods of silence, and innuendo. Specifically, Mr. Johnson was not allowed to leave during this interview to collect personal belongings. Instead, he called to his work area and had Mr. Johnson's co-worker bring his personal belongings. Mr. Johnson was illegally suspended by Robert "Bob" White for his insistence to be treated like the white class in Continental. Mr. White said he was acting on behalf of Nick Petrov. This action was slanderous and humiliating to Mr. Johnson.

July 10, 2001

On July 10, 2001 Katherine Churchill threatened Mr. Johnson's job when she knew he had retained counsel and that he was seeking to bargain under Sec. 101.003 of the Texas Labor Code. In a letter dated July 10, 2001. she uses the word assume when describing her mental state about Mr. Johnson's intentions concerning the return to work. Her assumption was wrong. Ms. Churchill totally mischaracterized this as a voluntary resignation. This was a retaliatory firing based on race. A copy of this letter is enclosed.

July 31, 2001

On this date an employee change of status form was filled out backdating the leave of absence that was to have allegedly started on June 1, 2001 in order to render a part of his entitlement of continued benefits of $200,000.00 of accidental insurance making it null and void.

August 7, 2001

On this date Mr. Johnson was told by Mr. Petrov that he was not entitled to 1 hour of pay for June 1, 2001. No reason for this was given, although he said he was completely aware of the situation. This violated the FLSA And Texas Labor code provision making it illegal to indenture a servant or hold a slave. Mr. Johnson's 13th amendment protections were violated by Continental.

August 9, 2001

On this date a change of status was submitted rendering Mr. Johnson terminated for unspecified reasons. The claim of abandonment is self-serving and is prejudicial on its face. This was a mere pretext to do by indirection what they could not do by direct action.

August 17, 2001

On this date Louis Obdyke sends notice of termination which he counseled his client's about presumably. On September 5, 2001 he was denied an appeal on this decision. He was effectively shut out of the entire Continental appeals apparatus.

September 11, 2001

On this date Mr. Johnson requested that Rich Fulmore include the "ongoing investigation results" to amend his incomplete employment file. To date, these results remain concealed for obvious reasons.

October 17, 2001

On this date Ryan Price singled out Mr. Johnson to keep him from utilizing Continental's appellate process by stating that every field service agent at IH has complied with the biometric scanning procedures. This is either an intentional misrepresentation of truth, or he is wildly misinformed and thereby negligent. This representation made by Continental shows the weakness of its position as it applies to Mr. Johnson's claim. Note that Mr. Price knew of a white employee who had not yet scanned. He was not terminated.

On October 17, 2001

Mr. Johnson disputed the claim made by Ryan Price that he voluntarily resigned when he allegedly failed to report to work on July 20, 2001. It was clear that he never refused to go to work. He just insisted that he not be discriminated against for standing up for his right to negotiate the terms of his employment. No other employees were forced to scan, yet he did not even refuse to do so, he just wanted assurances that the airline would not misuse the information. He was told he could not work unless he scanned, yet others were allowed to work and continue to work without having scanned. Mr. Johnson is the victim of a civil conspiracy to defraud him by Continental Airline and its agents. This man was to be made an example of due to him being a no-nonsense black man who insisted on equal treatment. He offered to come back without the scan until the bugs could be worked out. Continental refused this offer and said no one was allowed this option. My client alleges that this is false. For if it were true then he would prove his underlying point that he is the victim of racial discrimination.

We will supplement this document as new information is discovered. I will assist the Commission in any manner possible related to this case.

Please call if you have any questions or concerns, and thank you for your prompt attention to this matter.

APPROVED AS TO FORM ONLY:

James R. Davis

By:_____
   James R. Davis
   Attorney
   State Bar No. 24004611


APPROVED AS TO BOTH
FORM AND SUBSTANCE:

Complainant

Notary Public:

Commission Expiration:

                    Sincerely,


                    THE LAW OFFICES OF JAMES R. DAVIS


                    James R. Davis, Esq.



Continental Airlines, Inc.
Post Office Box 60307
Houston TX 77205

July 10, 2001

Mr. Stevan Erik Johnson
1100 Langwick Dr. #502
Houston, TX 77060

Dear Mr. Johnson:

This letter is a follow-up to my June 6, 2001 letter. In that letter, I provided you with additional information regarding Continental's biometric clocks and our time and attendance system. Additionally, I advised you that if you needed further information to finalize your decision regarding provision of the biometric image that you should contact me. Finally, I requested that you provide your decision in writing within 10 days of receipt of my letter. To date, I have not received that written decision.

Mr. Johnson, regrettably, we cannot continue to hold your position any longer. Because you have failed to advise us of your decision, we are left to assume that your decision is final and that you've chosen to resign your position at Continental Airlines. Accordingly, we intend to process your resignation effective July 20, 2001.

If, however, you have reviewed the information that I had previously forwarded and have determined to utilize the time and attendance system required for Field Services employees, you must report and submit your biometric image no later than Noon, on July 20, 2001. Failure to do so will result in processing of your voluntary resignation.

Again, should you have questions, you may contact me at (281) 553-8435.

Sincerely,

Katherine J. Churchill
Sr. Manager Human Resources IAH

cc:    Ryan Price - Managing Director Human Resources
       Mark Erwin - Sr. Vice President Field Services

# Exhibit 2 B



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Houston District Office**

Mickey Leland Federal Building
1919 Smith Street, 7ᵗʰ Floor
Houston, Texas 77002-8049
PH: (713) 209-3320
TTY: (713) 209-3439
FAX: (713)209-3381

Mr. Louis K. Obdyke
Senior Attorney
Continental-Airlines, Inc.
41ˢᵗ Floor, HQSLG
1600 Smith Street
Houston, TX 77002

**MAR 1 8 2002**

Re:     Charge No.:           330 A2 01075
        Charging Party:       Stevan Johnson

Dear Mr. Obdyke:

This is to inform you that the Commission is administratively closing the above referenced
case because it is a duplicate of previously filed complaint, charge number 330 A2 00805. All
information in the above referenced file will be associated with the previously filed charge.

On Behalf of the Commission:

3/14/02
Date

H. Joan Ehrlich
District Director

# Exhibit 3 A

United State Courts
Southern District of Texas
FILED

APR 15 2002 **LF**

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEVAN JOHNSON,            §
      Plaintiff      §
                    §
VS.                        §
                    §
CONTINENTAL AIRLINES       §
CORPORATION,               §
      Defendant      §

**H-02 1395**

CAUSE NO. _____

JURY TRIAL DEMANDED

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

**COMES NOW**, Stevan Johnson, Plaintiff, complaining of Continental Airlines

Corporation, Defendant, and for cause of action against it would show the Court as follows:

## I.
## PARTIES

1.    Plaintiff, Stevan Johnson (Johnson), is a resident citizen of Cook County, Illinois. Mr.

Johnson is an American of African descent. At all times material hereto, Mr. Johnson was a

resident of Harris County, Texas and an employee, as contemplated within the meaning of 42

U.S.C. §2000(e)(f) of Title VII, as amended.

2.    Defendant, Continental Airlines Inc. (Continental), is a domestic corporation doing

business in the State of Texas. At all times material hereto, Defendant was an employer within

the meaning of 42 U.S.C. §2000(e)(b) of Title VII, as amended.

-1-

## II.
## JURISDICTION

3.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981.

4.     Plaintiff further invokes this Court's supplemental/pendent jurisdiction, pursuant to 28 U.S.C. §1367, with respect to such claims as may arise from the same operative facts under the Constitution and Laws of the State of Texas.

5.     The employment practices Plaintiff alleges to be unlawful were at all times material to the facts made the basis of this lawsuit, being committed within the jurisdiction of the United States District Court for the Southern District of Texas.

6.     Plaintiff anticipates further amendment of this Complaint to include claims under The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"). Plaintiff has timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has received a determination refusing to proceed from said agency. At the conclusion of the E.E.O.C.'s investigation, Plaintiff received the right to sue Defendant Continental Airlines on January 9, 2002.

## III.
## VENUE

7.     Venue is appropriate and proper in Houston, Texas pursuant to 28 U.S.C. §1391 because a substantial part of the events made the basis of this suit occurred in Houston, Harris County, Texas.

## IV.
## FACTS

8.  Plaintiff Stevan Johnson is an American of African descent. Mr. Johnson was hired as a customer service agent in 1994 for Continental Airlines. On July 20, 2001 Mr. Johnson was fired in retaliation for his desire to be free from impermissible racial practices conducted by Continental.

9.  On February 28, 2001 Mr. Johnson was admonished after making complaints of racism on the part of Continental Airlines for not taking advantage of Continental Airlines appellate process when employees make complaints for racism on the part of other Continental employees. Ironically, on June 6, 2001, Katherine Churhill, Sr. Manager of Human Resources for Continental denied Mr. Johnson's right to appeal a suspension that will be detailed *infra.*

10. On April 4, 2001 Mr. Johnson met with Mr. Rich Fulmore., Continental Airlines Human Resources Department to allege discriminatory and retaliatory actions on the part of Peter Walsh, Mr. Johnson's supervisor over a period of two years. They met for three hours. Mr. Johnson recounted incidents of reprimands for activities such as not having enough bag carts in the bag room for which white employees were not reprimanded or removed from their given work area. Mr. Johnson had previously been reprimanded and removed from his work area for this "offense."

11. Shortly after Continental implemented a new biometric imaging system for the purposes of tracking employee attendance and hours worked, Mr. Johnson complained that Continental did not provide written assurances that the image captured by the system would not be used for some dubious purpose. Mr. Johnson specifically requested to know:
    1.  If the system were compromised and the images misappropriated in some way, what recourse would Continental provide to its employees?
    2.  If an employee's fingerprint were somehow altered, would the system continue to recognize the employee's image?
    3.  If there were a power outage, would there be a backup system in place to ensure that employees' pay would be correct?
    4.  What would happen in the event an employee is injured on the job and taken by emergency services? Would that employee continue to be paid until his/her finger image clocked them out?
    5.  Are the images to be gathered considered a "legal" fingerprint in a court of law?

12. On March 26, 2001, Mr. Johnson was brought into the office of Mr. Nick Petrov, Operations Director for Continental Airlines and told he would be given something in writing by Mr. Petrov before he would have to biometrically scan. Before meeting with Mr. Petrov, Mr. Johnson met with Rose LNU (last name unknown), from Resource in

Houston, Texas, wherein Rose LNU forcibly attempted to cause Mr. Johnson's hand to come into contact with the biometric machine. Rose stated "everyone else is doing it, so you have to do it too." Mr. Johnson stated that he wanted to speak with somebody before doing this procedure. He stated that he had strong fears about the misuse of the data.

13. Rose LNU refused to manually clock Mr. Johnson into the system even though Mr. Petrov stated that he would give Mr. Johnson something in writing to relieve Mr. Johnson's concerns about security and privacy. In addition, Mr. Johnson spoke with Mr. Petrov again o the phone in the presence of Rose LNU wherein Mr. Petrov stated "you are not going to image until I give you something in writing?" Mr. Johnson said, "Isn't that our agreement?" Mr. Petrov then refused to honor the commitment he had given to Mr. Johnson earlier, and made it appear that he had never made such an agreement, thereby making the assertion that Mr. Johnson is a liar. On the same day Robert "Bob" White, Assistant Operations Director had Mr. Johnson in his office from 12:05 p.m. to 12:55 p.m. and used intimidating tactics such as threats, intimidating periods of silence and innuendos about what would soon happen to Mr. Johnson. Specifically, Mr. Johnson was not allowed to leave during this interview to collect personal belongings. Instead, Mr. White called to his work area and had Mr. Johnson's co-worker bring his personal belongings. Mr. Johnson was illegally suspended at this time by Mr. White for his insistence on being treated like the white class at Continental. Mr. White said he was acting on behalf of Mr. Petrov. This action was slanderous and humiliating to Mr. Johnson.

14. On July 10, 2001 Katherine Churchill threatened Mr. Johnson's job when she knew he had retained counsel and that he was seeking to bargain under Sec. 101.003 of the Texas Labor Code. In a letter dated July 10, 2001 she used the word "assume," when describing her mental state about Mr. Johnson's intentions concerning the return to work. Her assumption was wrong. Ms. Churchill intentionally mischaracterized this retaliatory, race-based firing as a voluntary resignation. See Exhibit "A" attached.

15. Mr. Johnson was informed that he had until July 20, 2001 to give his biometric image or be administratively terminated. On that date, Charles R. Johnson Jr., an attorney licensed in the State of Texas phoned Louis K. Obdyke, Sr. Attorney for Continental and informed Mr. Obdyke that Mr. Johnson was willing to give his biometric image, and had no intention of surrendering his job. Attorney Johnson informed Mr. Obdyke that Mr. Johnson would come in to give the image as soon as Mr. Obdyke provided written materials concerning the biometric system, its uses, limitations and long-range capabilities. Mr. Obdyke stated, "I'll have to dig that up, but as soon as I do, I'll fax it over." Attorney Johnson stated, "As soon as I can put that in my guy's hand, he'll be there to image." The information was **faxed on August 17, 2001** along with a notice that Stevan Johnson had been fired. See Exhibit "B" attached.

16. On July 31, 2001 an employee change of status form was filled out by Continental backdating a leave of absence for Mr. Johnson to June 1, 2001 in order to render a part of

-4-

his entitlement to continued insurance benefits of $200,000.00 in accidental insurance null and void.

17.    On August 7, 2001 Mr. Johnson was informed by Mr. Petrov that he was not entitled to one hour of pay for June 1, 2001. No reason for this was given, although he said he was completely aware of the situation. This was a violation the Fair Labor Standards Act and the Texas Labor Code provision making it illegal to indenture a servant or hold a slave. Mr. Johnson's 13th Amendment protections were violated by Continental.

18.    On August 9, 2001 a change of status was submitted rendering Mr. Johnson terminated for unspecified reasons. The prior claim of job abandonment and voluntary resignation is in direct conflict with this change. This change was a pretext to do by indirect action what could not be done by direct action.

19.    On August 17, as mentioned *supra*, Louis K Obdyke finally faxed the information requested from and promised by, Continental to Attorney Johnson. Mr. Obdyke also faxed a notice of Mr. Johnson being terminated from Continental's employment rolls. On September 5, 2001, Mr. Johnson was denied an appeal of Continental's illegal decision.

20.    On September 11, 2001 Mr. Johnson requested that Mr. Fulmore include ongoing investigation results in his incomplete employment file. Mr. Johnson has requested a copy of his employment file with these findings. To date, the results of Mr. Fulmore's investigations of actions taken against Mr. Johnson remain concealed.

21.    On October 17, 2001 Ryan Price, assistant to Gordon Bethune, Chairman and CEO of Continental Airlines singled out Mr. Johnson to keep him from utilizing Continental's appellate process by stating that every field service agent at Bush Intercontinental Airport in Houston has complied with the biometric scanning procedures. This is untrue. Mr. Price did note having knowledge of a white employee who had not yet provided a biometric image. This white employee was not terminated.

22.    Mr. Johnson disputes the claim made by Ryan Price that he voluntarily resigned when he allegedly failed to report to work on July 20, 2001. It was clear that he never refused to go to work. He insisted that he not be discriminated against for asserting his right to negotiate the terms of his employment. No other employees were forced to scan, Mr. Johnson did not refuse to scan, he merely asked for assurances as to the use of the biometric images. Mr. Johnson was told he could not work unless he scanned, yet white employees were allowed to work and continue to work without scanning their fingerprint.

## V.
## CAUSE OF ACTION

**42 U.S.C. §1981**

23.     Plaintiff hereby incorporates all facts and stated in Section IV above as if set forth fully herein.

24.     Defendant, by and through management, intentionally discriminated against African-American employees, including Plaintiff, with respect to assignments, promotions, compensation, working conditions, discipline and discharge.

25.     Defendant, by and through management, intentionally discriminated against and deprived such employees, including Plaintiff, the same benefit, privileges and protections as Caucasians under the law of the United States of America.

## VI.
## DAMAGES

26.     There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case consider to determine the sum of money that will fairly and reasonably compensate him for his injuries and losses incurred and to be incurred as a result of Defendant's wrongful acts as set forth above.

27.     Plaintiff will respectfully request the Court and jury to determine the amount of loss he has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Specifically, Plaintiff prays that this Court:

> 1.·     Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained herein violated Plaintiff's rights as secured by 42 U.S.C.

-6-

§1981;

2.  Issue a preliminary and permanent injunction enjoining Defendant, its agents and employees, from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race/national origin or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law;

3.  Award Plaintiff equitable and compensatory relief, requiring said Defendant to make Plaintiff whole, by back pay, including all accrued interest, insurance benefits, pension benefits, vacation benefits sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and so to such positions for which he sought promotions, promotions and otherwise, as authorized by statute for all pay and benefits he has lost, and will continue to lose, as a result of Defendant's wrongful conduct and unlawful discrimination against him;

4.  Enter an order compelling Defendant to reinstate Plaintiff to the position for which he qualified and/or grant such promotions for which he's qualified, or enter an order awarding pay to the Plaintiff in lieu of reinstatement at those positions;

5.  Award Plaintiff all compensatory and punitive damages to which he has shown himself entitled in amount to be determined by the Court and jury;

6.  Award Plaintiff attorney's fees and costs of court, including expert fees, incurred by Plaintiff in this action;

7.  Award Plaintiff such other and further relief as this Court deems just and proper;

and,

8.    Grant Plaintiff a trial by jury for which Plaintiff herein tenders the required fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereto Plaintiff recover his actual and exemplary damages, plus reasonable attorney's fees and costs of court and both pre-and post-judgment interest at the maximum legal rate, and for such other and further relief, both general and special, at law or in equity, to which he may show himself justly entitled under all attending facts and circumstances.

**A jury trial is demanded.**

Respectfully submitted,

Stevan Erik Johnson
Plaintiff Pro Se
1421 North Dunton Ave.
Arlington Heights, IL 60004

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded via certified mail, return receipt request, via hand-delivery and/or via telecopier, on this the ___ day of April, 2002, to:

**Facsimile (713) 324-5161**
Louis K. Obdyke
Senior Attorney
Continental Airlines, Inc.
41st Floor, HQSLG
1600 Smith Street
Houston, TX 77002

Stevan Erik Johnson

-9-

# Exhibit 3 B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

SEP 1 2 2002

Michael N. Milby, Clerk of Court

STEVAN JOHNSON,                      §
                                     §
                Plaintiff,           §
                                     §
v.                                   §          CIVIL ACTION NO. H-02-1395
                                     §
CONTINENTAL AIRLINES,                §
                                     §
                Defendant.           §

### FINAL JUDGMENT

In accordance with the court's Order of Dismissal, this case is **DISMISSED** without prejudice.

This is a **FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this 12th day of September, 2002.

SIM LAKE
UNITED STATES DISTRICT JUDGE

n:\files\ord\02-1395.fj

# Exhibit 4

## SECTION 13

### APPEAL PROCEDURE

### A.    INTRODUCTION

1.    Continental is fully committed to its open door policy.  Team members may discuss concerns directly with their supervisor or any other member of leadership.  During this discussion, the employee may be accompanied by an EIT representative or other team member.

   If the open door policy does not resolve a team member's concern, however, the appeal process is available.  Probationary team members are permitted to file an appeal only under Step 1 of the procedures outlined below.

2.    The Human Resources department staff members are available as neutral parties to assist both agent and leadership team members.

### B.    PERFORMANCE IMPROVEMENT PROCESS

1.    To promote a supportive environment that emphasizes employee involvement and development, Continental provides a Performance Improvement Process. In determining the necessary performance improvement option, a supervisor should use his or her good judgment and will consider the following:

   • previous performance improvement history
   • length of time since previous performance improvement     attempts

2.    Verbal counseling: The objective of informal counseling is to make an employee aware of problems and encourage/improve performance.  A note in the employee's work location P-file will serve to document the counseling.

3.    Written warning: A written warning documents that an employee's performance has fallen below an acceptable level and needs improvement.

4.    Termination Warning letter: A termination warning letter makes clear that if performance does not improve, the employee will be discharged.

5.    Disciplinary suspensions: Employees may be suspended without pay to consider their commitment to performance improvement.  The length of suspension should be appropriate to the offense committed given the employee's work record (including prior discipline).

6.    Investigative suspensions will be paid and generally will not exceed ten (10) calendar days before either returning the employee to service or discharging the employee.

7.    Termination of employment: Termination of employment generally occurs when the Performance Improvement Process is unsuccessful or when the severity of an incident warrants immediate termination.

## C.    APPEAL PROCEDURE

Cooperative working relationships between agent and leadership team members are essential to Continental's success. The appeal process is designed to resolve conflicts that arise in the employment relationship.

### Step 1:

The aggrieved employee will first present the complaint to his/her supervisor and G.M. for discussion and possible solution. During this discussion, the employee may be accompanied by an EIT representative or other team member. It is understood and agreed that decisions made at the first step of the grievance procedure by the supervisor, G.M., employee and or the representative shall not constitute a precedent of any kind.

Should this discussion fail to resolve the issue, the team member may utilize the following procedure:

**Note:** Any appeals of disciplinary action related to Continental's Drug and Alcohol Policy will be handled in accordance with the roles specified in that policy. Please refer to the Drug and Alcohol Policy.

### Step 2 (Probationary Employee):

a.    The appeal procedure is initiated by the probationary team member to his/her General Manager/Director and the Human Resources Partner. The appeal request must be made in writing utilizing the Request for Appeal form. A copy of the request must be provided to the team member's supervisor as well.

b.    The request must document what the team member believes to be an inappropriate application of Company policy or an inappropriate corrective action, including discharge. It should also state the solution desired by the team member

c.    The team member has ten calendar days to submit an appeal request. This period begins on the day an unsatisfactory response is received from either an immediate supervisor or higher level of leadership.

d.    The Step 2 Probationary Hearing Board will consist of a Hearing Manager, chosen by the team member, from a list of three established by the Human Resource Partner and a non-voting facilitator from Human Resources.

Ḃ 2

e.      The Hearing Manager will meet with the team member, local leadership, local EIT Representative and any witnesses within ten calendar days (unless both parties have agreed upon an extension) after receipt of the written appeal request in an attempt to resolve the matter.

f.      The hearing will be informal and no transcript will be taken. A decision will be rendered in writing within ten calendar days (unless the team member and the hearing manager agree upon an extension).

g.      When a decision is rendered by the Step 2 Hearing Manager will be final and binding for probationary employees.

## Step 2 (Non-Probationary Employees):

a.      The appeal procedure is initiated by the team member to his/her General Manager/Director and the Human Resources Regional Manager. The appeal request must be made in writing utilizing the Request for Appeal form. A copy of the request must be provided to the team member's supervisor as well.

b.      The request must document what the team member believes to be an inappropriate application of Company policy or an inappropriate corrective action, including discharge. It should also state the solution desired by the team member.

c.      The team member has ten calendar days to submit an appeal request. This period begins on the day an unsatisfactory response is received from either an immediate supervisor or higher level of leadership.

d.      The Step 2 Non-probationary Hearing Board will consist of a Hearing Manager, chosen by the team member, from a list of three established by the Human Resource Partner, a EIT Representative selected from a predetermined list in consecutive order and a non-voting facilitator from Human Resources.

e.      The Hearing Manager and EIT Representative will meet with the team member, local leadership, local EIT Representative and any witnesses within ten calendar days (unless both parties have agreed upon an extension) after receipt of the written Appeal request in an attempt to resolve the matter.

f.      The hearing will be informal and no transcript will be taken. A decision will be rendered in writing within ten calendar days (unless the team member and the hearing manager agree upon an extension).

g.      If a unanimous decision is rendered by the Step 2 Hearing Manager and the EIT Representative this decision will be final and binding on all parties, except in instances of Termination where the team member chooses to continue to

13-3

Step 3 of the appeal process.

**Step 3:**

a. Step 3 of the appeal procedure is initiated by a written request from the team member to the Hub or Field Human Resources Business Partner.

b. The team member has ten calendar days after receipt of the results of the Step 2 hearing, to submit the request for a Step 3 appeal. A Step 3 Appeal Hearing will be scheduled within 15 calendar days from the receipt of the request and conducted within 30 days, unless both the team member and the hearing manager agree on an extension.

c. While this appeal procedure allows team members to represent themselves or request assistance from an EIT Representative at their appeals, he/she may request assistance from an attorney at his/her own cost who may attend the hearing and advise and consult with the team member, but the attorney may not otherwise participate. Human Resources must be notified in advance if a team member will have an attorney present.

d. The Step 3 Hearing Board will consist of 3 EIT Representatives, 2 Leadership personnel (manager level or above) and a non-voting facilitator from Human Resources.

e. The Hearing scheduler will select the board members from an at Bat List.

f. The Board will issue a written decision within five business days after hearing.

g. The majority decision of the Step 3 Board is final and binding on all parties.

**Arbitration:**

a. If the Step 3 Board fails to reach a majority decision, or if a Step 3 Hearing has not been held within 60 days and the team member is not satisfied with the reason for the delay, the team member may request arbitration by making a written request to the Senior Vice President of Field Services. (Team members must file the requests for arbitration within ten days from the date they are notified of the board failure to reach a majority decision and/or if they are not satisfied with the reason for the delay beyond 60 days).

b Human Resources will submit a list of three outside arbitrators from which the team member may choose.

c. The Company will pay the arbitrator's fees and expenses. The timing of the arbitration will depend on the availability of the arbitrator.

    d.    The team member may present his/her own case to the arbitrator or retain a private attorney to do so at the team member's cost.

    e.    The arbitrator will issue a written opinion setting out the reason for his/her decision. The arbitrator's decision will be final and binding on all parties.

## C.    GENERAL

Team members attending a meeting or hearing as a witness or EIT Representative under this procedure will not suffer any loss of regular pay as a result. If travel is required, fee-waived business passes will be provided for team members participating in the hearing.

## D.    TEAM MEMBER PREPARATION AND PRESENTATION

    1.    Before the Hearing

        a.    Narrative and Outline
            Both the team member and Leadership must complete the Request for Appeal Form in its entirety for the benefit of the Hearing Board. Along with the team member's tenure and work record as a whole, only this form and its attached documentation will be considered in all reviews.

        b.    Documentation
            Any documentation to support the letter should be attached to it in chronological order, beginning with the most recent event. Any document used should be legible and dated. Attachments should be numbered on the bottom right.

        c.    List of Witnesses
            The appealing team member should prepare a list of individuals he/she wants to be witnesses and present information at the hearing. The appealing team member may have a reasonable number of first-hand witnesses.

        d.    Hearing Package
            At least three (3) days before the hearing, the team member must deliver the completed package (letter, attachments and witness list) to the designated Hearing Manager or Departmental Board Chair. A team member or EIT Representative may assist in preparing the Hearing Package. This package should contain all the materials intended for use at the hearing.

Leadership will also submit a hearing package (summary of case, list of witnesses, and supporting documentation) to the Hearing Manager at least three (3) days before the hearing. The Hearing Manager will forward leadership's package to the team member and the team member's package to the leadership presenter when received.

2. At the Hearing

    a.   <u>Hearing Procedure</u>
           The hearing will be conducted in an informal yet business-like fashion. The H.R. Partner/Facilitator will facilitate the activities. This individual will assist all team members with any questions they may have, without offering opinions concerning the outcome of the hearing.

    b.   <u>Order of Presentations</u>
           In an appeal based upon a corrective action the leadership team member taking the action will present first. If the hearing involves non-corrective actions where the appropriate application of policy is being questioned, the appealing team member will present first.

    c.   <u>Agent Team Member's Presentation</u>

        i.     The team member's presentation should begin with what he/she feels the case is about and believes the Hearing Board should focus on.

        ii.    The team member should present the facts of his/her case in an orderly, specific manner, focusing on facts or specific actions and observable behaviors and not personalities.

        iii.   The conclusion of the presentation should include a summation of the team member's position and why the team member believes it is appropriate. The team member should end with a statement of the solution he/she desires.

        iv.   Any new information not presented at the previous hearing step must be shared with the other party 48 hrs. prior of the scheduled hearing date, or will not be allowed without the consent of both parties.

    d.   <u>EIT Representative's Role</u>

           The purpose of having an EIT Rep present is to assist and support the employee in making his/her presentation at the hearing.

Team Members are expected to present their own case and answer questions. While an EIT Representative may not speak for a team member, the EIT Representative may help the team member prepare, ask question to clarify points, make a closing statement and support the team member during the appeal process.

e. Management Presentation

    i.    The Management's presentation should begin with what he/she feels the case is about and believes the Hearing Board should focus on.

    ii.    The Management should present the facts of its case in an orderly, specific manner, focusing on facts or specific actions and observable behaviors, and not on personalities.

    iii.    The conclusion of the presentation should include a summation of Management's position and why Management believes it is appropriate. Management should end with a statement of the solution it desires.

    iv.    Any new information not presented at the previous hearing step must be shared with the other party 48 hrs. prior of the scheduled hearing date, or will not be allowed without the consent of both parties.

f.    The parties should not interrupt each other's presentation. The team member may take notes and ask questions at the end of the leadership presentation. The team member must also be prepared to answer questions and provide clarification if needed. It is important that all participants keep to the topic.

All copies of the Hearing packages distributed to Board members for review at the hearing will be collected at the conclusion of the hearing by the Hearing Chairperson. No tape recording will be permitted. All decisions are non-precedent setting.

INTENTIONALLY LEFT BLANK

# Exhibit 5

**David Rubin - Activity in Case 1:03-cv-11992-PBS Johnson v. Continental Airlines Corporation "Order on Motion for Miscellaneous Relief"**

**From:**     <ECFnotice@mad.uscourts.gov>
**To:**       <CourtCopy@mad.uscourts.gov>
**Date:**     3/15/2004 10:09 AM
**Subject:**  Activity in Case 1:03-cv-11992-PBS Johnson v. Continental Airlines Corporation
              "Order on Motion for Miscellaneous Relief"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was received from Patch, Christine entered on 3/15/2004 at 9:56 AM EST and filed on 3/14/2004

Case Name: Johnson v. Continental Airlines Corporation
Case Number: 1:03-cv-11992 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?88627
WARNING: CASE CLOSED on 01/08/2004

Document Number:
Copy the URL address on the line below into the location bar of your Web browser to view the document:

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered denying [20] Motion for Court Appointed Arbitrator. "You should follow the appeal procedure in the contract forthwith or forfeit your arbitration rights." (Patch, Christine)

The following document(s) are associated with this transaction:

1:03-cv-11992 Notice will be electronically mailed to:
Jeffrey M. Rosin                      jrosin@ebglaw.com

David S. Rubin                        drubin@ebglaw.com

1:03-cv-11992 Notice will not be electronically mailed to:

4

Stevan Johnson
P.O. Box 121
Boston, MA 02117

# Exhibit 6 A

Johnson, Stevan E

| FILING CHARGE |
|---|
| THIS PERSON (check one) |
| [X] CLAIMS TO BE AGGRIEVED |
| [ ] IS FILING ON BEHALF OF ANOTHER |

Mr. Robin Curtis
Senior Attorney Legal Depart.
Continental Airlines, Inc.
1600 Smith Street Mail Code Hq
Slg, 41 Floor
Houston, TX 77002

DATE OF ALLEGED VIOLATION

| Earliest | Most Recent |
|---|---|
| 08/08/2001 | 01/04/2002 |

PLACE OF ALLEGED VIOLATION

Houston, TX

CHARGE NUMBER

330A300360

## NOTICE OF CHARGE OF DISCRIMINATION
(See EEOC "Rules and Regulations" before completing this Form)

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

NOV 14 2002

[ ] THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

[ ] THE AMERICANS WITH DISABILITIES ACT

[ ] THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d)) investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [X] No action is required on your part at this time.

2. [ ] Please submit by _____ a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [ ] Please respond fully by _____ to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002

Ronald Wideman, Supervisor
*(Commission Representative)*

(713) 209-3332
*(Telephone Number)*

[X] Enclosure:  Copy of Charge

BASIS OF DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NAT. ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.

| TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|
| 11/13/2002 | H. Joan Ehrlich | Ronald D. Wideman |
| | Director | |

EEOC FORM 131  (Rev. 06/92)

RESPONDENT'S COPY

October 28, 2002

To:    EEOC and/THRC
1919 Smith Street 7th Flr.
Houston, TX 77002

From:  Stevan E Johnson,
Complainant
1421 N. Dunton Ave.
Arlington Heights, IL 60004
713-320-6979

Continental Airlines Inc.,
Respondent
1600 Smith Street
Houston, TX 77002
713-324-5000

RE: Filing of Charge of Discrimination#: _330 A300360_

Dear EEOC Investigator:

Mr. Stevan E. Johnson ("Complainant") was hired as a customer service agent in 1994 for Continental Airlines, Inc. ("Respondent"). On August 8, 2001 Mr. Johnson was fired after complaining to the HR department on August 7, 2001 about discriminatory treatment he believed he was subjected to. Tex. Labor Code Sec. 21.055.

On January 4, 2002 Respondent retaliated against Mr. Johnson by filing an appeal with the Texas Workforce Commission ("TWC") in response to the TWC's determination that Respondent illegally withheld unpaid wages from Mr Johnson. Mr. Johnson believes Respondent used the appeal as a pretext in order to continue to intentionally discriminate against him for being a Black person complaining of discrimination after trying to bargain freely with his employer as in individual for terms of his employment. Tex. Labor Code Sec. 101.003. Respondent wilfully and intentionally committed this discriminatory act. Mr. Johnson claims this act is the product of a civil conspiracy.

Mr. Johnson believes wrongful termination and breach of contract are incorporated with the violations of Title VII of the Civil Rights Act of 1964, as amended,

1

October 28, 2002

the Texas Labor Code, the Fair Labor Standards Act, and other applicable state and federal laws by Respondent and its agents.

·. Please call if you have any questions or concerns, and thank you for your prompt attention to this matter.

Sincerely,

Stevan E Johnson

Notary Public,

Notary Signature                    October 28 2002
                                    Date

"OFFICIAL SEAL"
ROBIN GEUDER
Notary Public, State of Illinois
My Commission Expires April 5, 2006

2

# Exhibit 6 B

## DISMISSAL AND NOTICE OF RIGHTS

| To:<br>Mr. Stevan Johnson<br>1421 N. Dunton Ave.<br>Arlington Heights, Il 60004 | From:<br>Equal Employment Opportunity Commission<br>Houston District Office<br>1919 Smith, 7th Floor<br>Houston, Texas 77002 |
|---|---|

[ ] *On behalf of a person aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

Certified Mail No. 70020860000114993190

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 330A300360 | Ron Wideman, Supervisor CRTI | (713) 209-3332 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON.

NOV 15 2002

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission.

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

### - NOTICE OF SUIT RIGHTS -

[ X ] Title VII and/or the Americans with Disabilities Act: This is your NOTICE OF RIGHT TO SUE. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost. **WITH THE ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, THE COMMISSION IS TERMINATING ITS PROCESS WITH RESPECT TO THIS CHARGE.**

[ ] Age Discrimination in Employment Act: This is your NOTICE OF DISMISSAL OR TERMINATION. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue is lost. **WITH THE ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, THE COMMISSION IS TERMINATING ITS PROCESS WITH RESPECT TO THIS CHARGE.**

[ ] Equal Pay Act (EPA): EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

_____
(Date)

_____
H. JOAN EHRLICH
DISTRICT DIRECTOR

cc:  Mr. Robin Curtis
     Continental Airlines, Inc
     1600 Smith Street Mail Code Hq
     Slg, 41 Floor
     Houston, TX 77002
**RESPONDENT CONTACT PERSON**

Enclosures
   Information Sheet
   Copy of Charge

EEOC Form 161 (Test) 5/95)

# Exhibit 7 A

| | |
|---|---|
| | Johnson, Stevan E |
| | THIS PERSON (check one) |
| | ☒ CLAIMS TO BE AGGRIEVED |
| Chief Executive Officer | ☐ IS FILING ON BEHALF OF ANOTHER |
| Continental Airlines, Inc. | DATE OF ALLEGED VIOLATION |
| 2929 Allen Parkway | *Earliest*                    *Most Recent* |
| Suite 1188 | 08/21/2002          08/21/2002 |
| Houston, TX 77019 | PLACE OF ALLEGED VIOLATION |
| | Houston, TX |
| | CHARGE NUMBER |
| | 161A300290 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See EEOC -Rules and Regulations/ before completing this Form)

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

☒ TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

☐ THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

☐ THE AMERICANS WITH DISABILITIES ACT

☐ THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d)) Investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. ☐ No action is required on your part at this time.
2. ☒ Please submit by 04/27/03 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. ☒ EEOC has instituted a Mediation program which provides parties with an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please indicate that desire on the enclosed form and respond by 04/12/03 to Elizabeth Marcus _____. If you DO NOT wish to participate in Mediation, you must submit a statement of your position to the Commission Representative listed below, by the above date.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Boston Area Office
JFK. Federal Bldg., Rm 475
Boston, MA 02203                  Elizabeth Marcus, Adr Coordinator
                                        *(Commission Representative)*
                                  (617) 565-3212
☒ Enclosure: Copy of Charge            *(Telephone Number)*

ASIS OF DISCRIMINATION

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NAT. ORIGIN  ☐ AGE  ☐ DISABILITY  ☒ RETALIATION  ☐ OTHER

IRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.

| ATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 8/2003 | Robert L. Sanders Director | |

FORM 131-AUA (Test 02/00)

RESPONDENT'S COPY

## U.S. Equal Employment Opportunity Commission

# CHARGE OF DISCRIMINATION

*Charging Party*

Mr. Stevan E. Johnson
1421 N. Dunton Avenue
Arlington Heights, IL 60004

*Respondent*

Continental Airlines, Inc.
1600 Smith Street
Houston, TX 77002

## ALLEGATIONS:

I.      On June 8, 1994 I began my employment in Boston, MA with Continental Airlines, Inc., as a customer service agent. I was illegally fired on August 8, 2001 in retaliation for engaging in protected activity on August 7, 2001. Katherine J. Churchill, Louis K. Obdyke, Nick Petrov, and Ryan Price, agents for Respondent in Houston, TX conspired to conceal this fact by intentionally misrepresenting the date of my termination. Instead of August 8, 2001, July 20, 2001 has been used as the date of my termination to make this discriminatory act appear legal.

II.     The necessity to perpetuate the concealment of this conspiracy was the guiding force for Ryan Price on October 17, 2001 when he denied me access to the Company's internal grievance procedure based on a pretext of job abandonment. Mr. Price's impermissible consideration of race in this adverse decision caused me to be treated less favorably than a similarly situated Caucasian employee.

III.    On August 21, 2002 I suffered a disadvantageous job assignment that materially affected the terms, conditions, and privileges of employment with my current employer, GlobeGround North America LLC, because Peter Walsh and Jeffrey Willis, agents for Respondent in Boston, MA, gave a libelous/slanderous job reference to my current employer. The intent of the negative job reference was to retaliate against me for my opposition to disparate treatment and my participation in the EEOC charge process. The intent of this defamatory dissemination caused interference and discrimination in the making of a contract.

IV.     The fraudulent use of July 20, 2001 as a retaliatory tool is operating with such ominous precision, that it continues to effectively cause discrimination in my opportunity for equal employment.

V.      I believe that Respondent, by and through its' Agents, discriminated against me because of my race (Black), and because I asserted my statutorily protected rights in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Fair Labor Standards Act of 1938, as amended.



RECEIVED EEOC

MAR 1 4 2003

CHICAGO DISTRICT OFFICE

3/14/03

# Exhibit 7 B

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Stevan E. Johnson | From: | Boston Area Office |
| | 1421 N. Dunton Avenue | | John F. Kennedy Fed. Bldg. |
| | Arlington Heights, IL 60004 | | Government Ctr., Room 475 |
| | | | Boston, MA 02203-0506 |

RECEIVED
AUG 2 9 2003

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 161-2003-00290 | Martha Maness, Investigator | (617) 565-3199 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Robert L. Sanders, Area Office Director

AUG 2 6 2003

(Date Mailed)

Enclosure(s)

cc: Louis K. Obdyke, Senior Attorney
CONTINENTAL AIRLINES, INC
41 st. Floor HQSLG
1600 Smith Street
Houston, TX 77002

# Exhibit 8 A

EEOC Form 6 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 03130 2506 161-2003-00555 |

| Massachusetts Commission Against Discrimination | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Stevan E. Johnson | (713) 320-6979 | 06-26-1971 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1421 N. Dunton Ave. Arlington Heights, IL 60004 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CONTINENTAL AIRLINES | 500 or More | (713) 324-5000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1600 Smith Street 41st. Floor HQSLG Houston, TX 77002 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 08-08-2001 | 02-22-2003 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**"SEE ATTACHED"**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Sep 10, 2003 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date       Charging Party Signature | |

EEOC FORM 131 (5/01)

## U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Louis K. Obdyke, Senior Attorney<br>Continental Airlines, Inc.<br>41st Floor HQSLG<br>1600 Smith Street<br>Houston, TX 77002 | Stevan E. Johnson<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>161-2003-00555 |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act          [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Robert L. Sanders, Area Office Director**<br>*EEOC Representative*<br>Telephone: **(617) 565-3200** | **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Sep 05, 2003 | Robert L. Sanders, Area Office Director | *Robert L. Sanders (RLM)* |

# UNITED STATES
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### BOSTON DISTRICT OFFICE



STEVAN E. JOHNSON,
      Charging Party,

v.

CONTINENTAL AIRLINES,
            INC,
      Respondent.

E.E.O.C.
Charge No. __161 A30 0290__ +
161 - 2003 - 00555

## AMENDED CHARGE

This charge is being filed, as an amendment to the Original timely filed charge on March 14, 2003 in the Chicago District Office of the E.E.O.C., in order to incorporate facts of an alleged act of racial discrimination on February 22, 2003. I understand that this amended charge is being filed pursuant to any applicable EEOC/FEP Agency Work-sharing Agreement.

## I.
## PARTIES

### *Charging Party*

1.    Stevan E. Johnson, with a residence at 1421 N. Dunton Avenue • Arlington Heights, IL 60004, is a Black African-American.

### *Respondent*

2.    Continental Airlines, Inc, with a residence at 1600 Smith Street • Houston, TX 77002, is a Delaware Corporation.

## II.

## FACTUAL ALLEGATIONS

3.    On June 8, 1994 I began my employment in Boston, MA with Continental Airlines, Inc., as a customer service agent. I was illegally **fired on August 8, 2001** in retaliation **for engaging in protected activity on August 7, 2001**. Katherine J. Churchill, Louis K. Obdyke, Nick Petrov, and Ryan Price, agents for Respondent in Houston, TX conspired to conceal this fact by intentionally misrepresenting the date of my termination. Instead of August 8, 2001..... July 20, 2001 was fraudulently recorded and is being fraudulently disseminated as the date of my termination for the purpose of deceptively disguising the actual chronological order of events that proves this termination was an invidious act of retaliation.

4.    The necessity to perpetuate the concealment of this conspiracy was a guiding force for Ryan Price on October 17, 2001 when he denied me access to the Company's internal grievance procedure based on a pretext of job abandonment.    Mr. Price's impermissible consideration of race in this adverse employment action caused me to be treated less favorably than a similarly situated Caucasian employee.

5.    On August 21, 2002 I suffered a disadvantageous job assignment that materially affected the terms, conditions, and privileges of employment with my current employer, GlobeGround North America LLC, because Peter Walsh and Jeffrey Willis, agents for Respondent in Boston, MA, gave a libelous/slanderous job reference to my current employer.    The intent of the negative job reference was to retaliate against me for my opposition to disparate treatment and my participation in the EEOC charge process.    The intent of this defamatory dissemination caused interference and discrimination in the making of a contract.

6.    This defamation of my character is the culmination of a racially impacted adverse employment action borne on May 5, 1997 that has been cultivated by Peter Walsh into an identifiably hostile posture towards me.    Jeffrey Willis' negligent supervision of Mr. Walsh combined with the fact that my formal complaints about Mr. Walsh were seemingly ignored after being brought to the attention of Continental's HR department on April 4, 2001, is a clear indication that the negligence and indifference to my rights

2

fostered by the agents of Continental Airlines, Inc. contributed to this discriminatory act against me.

7.    In light of the above-mentioned facts that have been compounded by the fraudulent use of July 20, 2001 as a retaliatory tool, which is still operating with ominous precision, it is clear, that Continental's discriminatory employment practices supports an atmosphere for people with discriminatory animus, such as Peter Walsh has for me, to stymie equal employment opportunities.

8.    On March 25, 2001 Respondent implemented a new Electronic Time and Attendance System policy (eTA) for the CSA workgroup at its Houston airport location that many employees opposed because of the digitized fingerprinting device it utilizes, that bespeaks of vestiges of badges and incidents of slavery. Respondent's unpublished policy for the new eTA system operates as an invisible racial discriminator. The policy as it was communicated to me on June 1, 2001 had only two alternatives: 1.) Get digitally fingerprinted; or 2.) Get terminated. However, it was revealed to me on February 22, 2003 that a crucial third alternative existed and was selectively disclosed to a white-male employee of Respondent. The alternatives given to the white-male were: 1.) Get digitally fingerprinted; 2.) Get terminated; or 3.) Find another position within the Company that does not require the use of the digital fingerprinting device. The selectiveness in the dissemination of the existence of the third alternative caused me to be disparately impacted because of my race.

9.    The "dual" sets of alternatives effectively limited me in such a manner that I have been deprived of an employment opportunity that discriminately enabled the similarly situated white-male to avoid my adverse employment status.    The "dual" sets of alternatives by Respondent are racially discriminatory.

10.    I believe that because of Respondent's actions on February 22, 2003 solely arising out of Respondent's "dual" policy that has been continuously maintained in secrecy thru fraud or mistake since March 25, 2001, that me and all other similarly situated members of a racially protected class who have opposed the eTA system have been discriminated against.

3

Charge No.
161 A30 0290

## III.

## CLAIM OF DISCRIMINATION

11.    I believe that Respondent, by and through its' Agents, discriminated against me
because of my race (Black), and because I asserted my statutorily protected rights in
violation of Title VII of the Civil Rights Act of 1964, as amended, and the Fair Labor
Standards Act of 1938, as amended.

Respectfully Submitted,

STEVAN E. JOHNSON
Charging Party
1421 N. Dunton Avenue
Arlington Heights, IL 60004

"OFFICIAL SEAL"
LINA SOTO
Notary Public, State of Illinois
My Commission Expires Dec. 19, 2005

AUGUST 25, 2003

_____  August 25TH, 2003
Notary Public

U.S.P.S. D.C.#: 0303 1290 0001 0155 4701

4

# Exhibit 8 B

EEOC Form 161 (10/96)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:Steven E. Johnson
1421 N. Dunton Avenue
Arlington Heights, IL 60004

From:  Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Fourth Floor, Room 475
Boston, MA 02203

*On behalf of person(s) aggrieved whose identity is*
[  ]  *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 161-2003-00555 | Rance A. O'Quinn, Supervisor | 617-565-3192 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged

[ x ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Robert L. Sanders, Area Director

SEP 10 2003

Enclosure(s)

*(Date Mailed)*

cc:    Louis K. Obdyke, Senior Attorney
Continental Airlines, Inc.
41ˢᵗ Floor HQSLG
1600 Smith Street
Houston, TX 77002

# Exhibit 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

RECEIPT # _50944_
AMOUNT $ _150.00_
SUMMONS ISS. _yes_
LOCAL RULE 41 _/_
_____ ER OF SERV. _____
_ ISSUED _____
_ _ OR 121 _____
_ TY CLK_____
DATE _10-14-02_

STEVAN JOHNSON,
    Plaintiff,

§
§
§
§

VS.

§
§

CAUSE NO. _____

CONTINENTAL AIRLINES
CORPORATION,
    Defendant.

§
§
§
§

JURY TRIAL DEMANDED

03 - 11992 PBS

*Referred to M. J. LPC*

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Stevan Johnson, Plaintiff, complaining of Continental Airlines Corporation, Defendant, and for cause of action against it would show the Court as follows:

### I.
### PARTIES

#### *Plaintiff*

1.     Plaintiff, Stevan Johnson (Johnson), is a resident of Cook County, Illinois. Mr. Johnson is a Black United States citizen. At all times material hereto, Mr. Johnson was an employee, as contemplated within the meaning of 42 U.S.C. §2000e, *et seq*.

#### *Defendant*

2.     Defendant, Continental Airlines Inc. (Continental), is a domestic corporation doing business in the State of Massachusetts. At all times material hereto, Defendant was an employer within the meaning of 42 U.S.C. §2000e-(b), with more than 500 employees.

-1-

## II.
## JURISDICTION AND VENUE

3.    Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §§

1331, 1337.

4.    Plaintiff further invokes this Court's supplemental/pendent jurisdiction, pursuant to 28

U.S.C. §1367, with respect to such claims as may arise from the same operative facts under the

Constitution and Laws of the applicable States of the United States of America.

5.    The employment practices Plaintiff alleges to be unlawful were at all times material to the

facts made the basis of this lawsuit, being committed within the jurisdiction of the United States.

6.    Plaintiff has timely filed a charge of discrimination with the United States Equal

Employment Opportunity Commission and has received a determination refusing to proceed

from said agency.  At the conclusion of the E.E.O.C.'s investigation, Plaintiff received the right

to sue Defendant Continental Airlines, Inc. on September 10, 2003.

7.    Venue is appropriate and proper in Boston, Suffolk County, Massachusetts pursuant to 28

U.S.C. §1391(c) because the defendant is a corporation residing, upon commencement of this

action, in the Judicial District of Massachusetts subject to personal jurisdiction of this Court.

## III.
## FACTS

8.    Plaintiff, Stevan Johnson is a Black United States citizen.  Mr. Johnson was hired by
Continental Airlines, Inc., an air carrier within the meaning of 45 U.S.C. §151, *et seq.*, as
a Field Services Agent in June 1994 and was continuously employed in that capacity until
his termination was processed on August 8, 2001.

9.    After being terminated, Mr. Johnson attempted to have his termination reversed by means
of Defendant's Appeal Process, which Continental admitted is a contract in McGuire v.
Continental Airlines, Inc. 210 F. 3d 1141 (CA10  2000).

-2-

10. The promulgation of this contractual provision as set forth in the "Working Together Guidelines" is subject to the Railway Labor Act, as amended.

11. The relevant provision of the "Working Together Guidelines" are incorporated into the divisional "Fly To Win Handbook" employee manual for the Field Services Division and states the following:

> If I have a dispute with the company, I agree to use the Appeal Procedure for the resolution of any controversy arising out of my employment or separation from employment.

12. On October 17, 2001 Ryan Price-Managing Director Field Services Human Resources acted in concert with Katherine Churchill to deny Mr. Johnson the opportunity to resolve the employment dispute using the Appeal Process based on an alleged claim of job abandonment.

13. However, the allegation of job abandonment is controverted by company documents showing Mr. Johnson on a leave of absence during the time it is alleged he was to have abandoned his job.

14. Prior to Mr. Johnson's termination being processed on August 8, 2001 he attempted to initiate proceedings with Nick Petrov-Terminal Operation Director IAH on August 7, 2001 for the recovery of wages that were owed to him.

15. Mr. Johnson's conduct in ¶14 was protected against retaliation under the Fair Labor Standards Act of 1938, as amended.

16. Prior to Mr. Johnson's termination being processed on August 8, 2001 he complained to Katherine Churchill- Human Resource Manager IAH on August 7, 2001 about being discriminated against.

17. The complaint in ¶16 was protected against retaliation under Title VII of the Civil Rights Act of 1964, as amended.

18. The events in ¶¶ 8-17 occurred in Houston, TX (IAH) after Mr. Johnson's transfer from Boston, MA (BOS) became effective on July 26, 1999.

19. While working in BOS, Mr. Johnson was under the supervision of Peter Walsh (Walsh)-SAS.

20. On May 5, 1997 Mr. Walsh issued the Plaintiff an attendance instance for an alleged infraction of Defendant's attendance policy.

21.   On July 29, 1998 Mr. Johnson initiated the Appeal Procedure in an attempt to resolve the attendance issue from May 5, 1997.

22.   After Mr. Johnson initiated the appeal on July 29, 1998, and over the next several months Mr. Walsh began a practice of issuing Mr. Johnson reprimands.

23.   The first reprimand was issued on August 6, 1998 just 8-days after Mr. Johnson initiated the appeal opposing Mr. Walsh's May 1997 decision.

24.   The other reprimands occurred on August 13, 1998; November 12, 1998 and; February 11, 1999.

25.   Within the same relevant time period Mr. Walsh made several employment decisions that adversely affected the Plaintiff's wages.

26.   Specifically on September 7, 1998 he improperly denied Mr. Johnson's right to supplement his income with wages earned by working for a co-worker.

27.   On September 7th or 8th, 1998 Mr. Walsh conspired with Michael Venti-SAS to improperly deny Mr. Johnson his right to supplement his income with wages earned by working for a co-worker.

28.   On November 22 and 23, 1998 Mr. Walsh improperly denied Mr. Johnson overtime.

29.   The wage disputes mentioned *supra* [¶¶ 25-28] were resolved by using the Appeal Process.

30.   On July 1, 1999 just prior to Mr. Johnson's transfer from BOS to IAH he was removed from his chosen work area, where he was under the direct supervision of Mr. Walsh, and reassigned to another work area he opposed being assigned to.

31.   The reason for the reassignment, as stated by Jeff Willis-General Manager BOS, was "to take you out of harms way."

32.   Mr. Johnson's written opposition to the reassignment was given to Mr. Willis on July 7, 1999 and was followed by a reprimand from Mr. Walsh on July 8, 1999.

33.   The reprimand was based upon alleged behavior that Plaintiff believes was not entirely inconsistent with Defendant's CEO's book, From Worst to First, on pages 133-135.

34.   Mr. Johnson's transfer to IAH became effective on July 26, 1999.

-4-

35.    On April 4, 2001 Mr. Johnson met with a Human Resource manager at 1600 Smith Street in Houston, TX to complain about Mr. Walsh's behavioral pattern prior to his transfer to IAH.

36.    Mr. Johnson's reason for bringing the complaint was because he intended to return to Boston to work and did not want Mr. Walsh to continue to display his previous pattern of behavior towards him, which he believed was inconsistent with company policy.

37.    Mr. Johnson was terminated within 5 months of his April 4, 2001 complaint about Mr. Walsh.

38.    On June 28, 2002 Mr. Johnson applied for employment as a Sky Cap with airport services contractor GlobeGround North America, LLC (GGNA) in Boston, MA.

39.    GGNA at all times material hereto was under contract to provide Sky Cap services to Defendant in Boston, MA.

40.    Sometime after June 28, 2002 a representative for Defendant in Boston, MA requested that Mr. Johnson not be assigned to work for Defendant in his capacity as a Sky Cap.

41.    The reason for the request by the representative in Boston is rooted in Mr. Johnson's previous employment relationship with Defendant.

42.    A relationship that ended with a disputed termination arising out of Mr. Johnson's opposition to Defendant's employment practices.

43.    It is alleged by agents for Defendant that Mr. Johnson's disputed termination, which was processed on August 8, 2001, was the result of his alleged refusal to participate in Defendant's new Electronic Time & Attendance System (eTA).

44.    On February 22, 2003, a White-male Field Services Agent at IAH, after refusing to participate in Defendant's new eTA system, was given an alternative that did not require him to participate in Defendant's new electronic employment practice (eTA), which was not given to Mr. Johnson.

45.    The alternative employment opportunity not given to Plaintiff limited him in such a manner that it deprived him of an equal employment opportunity, enjoyed by the White-male, which is adversely affecting Plaintiff's employment status with Defendant.

IV.
## CAUSES OF ACTION

### A.    42 U.S.C. §1981

46.    Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

47.    Defendant, by and through management, intentionally discriminated against Black employees, including Plaintiff, with respect to assignments, promotions, compensation, working conditions, discipline, and discharge.

48.    Defendant, by and through management, intentionally discriminated against and deprived such employees, including Plaintiff, the same benefits, privileges and protections as Whites under the law of the United States of America.

### B.    42 U.S.C. §1985

49.    Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

50.    Defendant, by and through management, intentionally discriminated against Black employees and conspired to interfere with the civil rights of such employees, including Plaintiff, by depriving such employees, including Plaintiff, the same benefits, privileges and protections as Whites under the law of the United States of America.

### C.    42 U.S.C. §2000e, *et seq.*

### Retaliation, Disparate Treatment, Disparate Impact

51.    Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

-6-

52.    Defendant, by and through management, intentionally discriminated against Black employees, including Plaintiff, with respect to assignments, promotions, compensation, working conditions, discipline, and discharge.

53.    Defendant, by and through management, intentionally discriminated against and deprived and conspired to deprive such employees, including Plaintiff, the same benefits, privileges, and protections as Whites under the law of the United States of America.

### D.    45 U.S.C. § 151, *et seq.*

54.    Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

55.    Defendant, by and through management, failed to exert every reasonable effort to settle all disputes between it and its employees, including Plaintiff, when it failed to consider Plaintiff's dispute concerning rates of pay, rules, and working conditions, or application thereof or otherwise.

### E.    49 U.S.C. § 40101, *et seq.*

56.    Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

57.    Defendant, by and through management, subjected Plaintiff to unreasonable discrimination in violation of his right to fair, equal, and non-discriminatory treatment in working conditions by an air carrier.

### V.
### DAMAGES

58.    There are certain elements of damages, provided by law, that Plaintiff is entitled to have

the jury in this case consider to determine the sum of money that will fairly and reasonably compensate him for his injuries and losses incurred and to be incurred as a result of Defendant's wrongful acts as set forth above.

59.    Plaintiff will respectfully request the Court and jury to determine the amount of loss he has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Specifically, Plaintiff prays that this Court:

1.    Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained herein violated Plaintiff's rights as secured by the Laws of the Constitution of the United States of America;

2.    Issue a preliminary and permanent injunction enjoining Defendant, its agents and employees, from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race/national origin or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law;

3.    Award Plaintiff equitable and compensatory relief, requiring said Defendant to make Plaintiff whole, by back pay; including all accrued interest, insurance benefits, pension benefits, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and so to such positions for which he sought promotions, promotions and otherwise, as authorized by statute for all pay and benefits he has lost, and will continue to lose, as a result of Defendant's wrongful conduct and unlawful discrimination against him;

-8-

4.   Enter an order compelling Defendant to reinstate Plaintiff to the position for
     which he qualified and/or grant such promotions for which he is qualified, or enter
     an order awarding pay to the Plaintiff in lieu of reinstatement at those positions;

5.   Award Plaintiff all compensatory and punitive damages to which he has shown
     himself entitled in amount to be determined by the Court and jury;

6.   Award Plaintiff attorney's fees and costs of court, including expert fees, incurred
     by Plaintiff in this action;

7.   Award Plaintiff such other and further relief as this Court deems just and proper;
     and,

8.   Grant Plaintiff a trial by jury for which Plaintiff herein tenders the required fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to
appear and answer herein, that upon final trial hereto Plaintiff recover his actual and exemplary
damages, plus reasonable attorney's fees and costs of court and both pre-and post-judgment
interest at the maximum legal rate, and for such other and further relief, both general and special,
at law or in equity, to which he may show himself justly entitled under all attending facts and
circumstances.

**A jury trial is demanded.**

                                    Respectfully submitted,

                                    _Stevan E. Johnson_
                                    Stevan E. Johnson
                                    1421 North Dunton Ave.
                                    Arlington Heights, IL 60004
                                    PRO SE

# Exhibit 10 A

EEOC FORM 131 (5/01)

## U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| CONTINENTAL AIRLINES<br>1600 Smith Street<br>Houston, TX 77002 | Stevan E. Johnson |
| | THIS PERSON (check one or both)<br>☐ Claims To Be Aggrieved<br>☐ Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>161-2004-00100 |

## NOTICE OF CHARGE OF DISCRIMINATION
### (See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act        [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act        [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **27-JAN-04** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **20-JAN-04** to **Elizabeth Marcus, ADR Coordinator, at (617) 565-3212**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| Edith Kessler,<br>Investigator<br>*EEOC Representative*<br>Telephone:  **(617) 565-3206** | **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

Enclosure(s): [X] Copy of Charge

## CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Jan 06, 2004 | Robert L. Sanders,<br>Director | RLS/EK |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 0413-00064  161-2004-00100 |

| Massachusetts Commission Against Discrimination | | and EEOC |
|---|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Stevan E. Johnson | | 06-26-1971 |

Street Address: **P.O Box 121, Boston, MA 02117**    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CONTINENTAL AIRLINES | 500 or More | (713) 324-5000 |

Street Address: **1600 Smith Street, Houston, TX 77002**    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address:    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **05-05-1997**   Latest: **01-05-2004**
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I was discriminated against by my former employer in violation of Title VII of the 1964 Civil Rights Act, as amended, Continental Airlines, Inc. and its agents, because at least Peter Walsh, Terminal Operations Supervisor, has interfered with my employment opportunities and/or retaliated against me for having previously opposed discriminatory practices on the basis of race and retaliation at Continental Airlines, Inc. During August 2003, I was denied the opportunity to transfer work locations and prior to that I was not given consideration after I submitted a resume on July 8, 2003, for consideration for a promotion to an open supervisory position, with my employer, at that time, GlobeGround (a contractor to Continental Airlines). In December 2003, I obtained a copy of a Fax dated July 12, 2002 whereby Mr. Walsh opposed my assignment to any functions for Continental Airlines and I believe that Mr. Walsh spoke to my supervisor at GlobeGround such that it negatively affected my employment with GlobeGround. I was ultimately fired from GlobeGround on October 21, 2003.

I have previously filed charges of discrimination against Continental in which I charged the Company with race discrimination and retaliation. The hostile and retaliatory request made by Peter Walsh in the July 12, 2002, letter came after I had a meeting on April 4, 2001, to inform Continental of Mr. Walsh's discriminatory behavior.

RECEIVED JAN 5 2004 EEOC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Jan 05, 2004 — Date / Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) Notary Public, MA  My Commission Expires December 4, 2009 |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 161-2004-00100N |

|  |  |  |
|---|---|---|
| Massachusetts Commission Against Discrimination | | and EEOC |
| *State or local Agency, if any* | | |

THE PARTICULARS ARE *(Continued from previous page):*

I reported Mr. Walsh's inappropriate actions taken against me to the same Human Resource Manager for Continental that had previously found Mr. Walsh guilty of the harassment of one of his subordinates.

I believe that because of Peter Walsh's unchecked retaliatory animus harbored for me that I am the victim of continuously pervasive and racially hostile work environments in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED

JAN 5 2004

E.F.O.C.
BOSTON AREA OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jan 05, 2004     *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*    Edith K. Kessler<br>Notary Public, MA<br>My Commission Expires December 4, 2009 |
| *Date*     *Charging Party Signature* | |

# Exhibit 10 B

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Stevan E. Johnson
1421 N. Dunton Avenue
Arlington Heights, IL 60004

From: Equal Employment Opportunity Commission
John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203

 RECEIVED
FEB 23 2004

[  ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 161-2004-00100 | Edith Kessler, Investigator | 617-565-3200 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[  ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ X ]  Other *(briefly state)*    CP in US District Court, Massachusetts, Docket #03-11992PBS

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____
Robert A. Sanders, Area Director

FEB 18 2004
*(Date Mailed)*

Enclosure(s)

cc:    Louis K. Obdyke, Esq., Continental Airlines, Legal Dept., 1600 Smith Street, 41st Floor, HQSLG, Houston, TX 77002

# Exhibit 11

**Continental**



RECEIVED

Jan 2   2004

HUMAN RESOURCES-IAH

January 23, 2004

Mr. Stevan Johnson
P.O. Box 121
Boston, MA. 02117

Dear Mr. Johnson

At your request a first level appeal hearing was convened on January 22, 2004. The reason for the hearing was to review the termination of your employment with Continental Airlines.

Your employment was terminated when you declined to have your finger imaged for the payroll process (Eta).

After hearing both sides of this issue I find no mitigating circumstances that would justify overturning management's decision to terminate your employment.

If you do not agree with this decision, you may escalate your concerns to the second level. Your request for appeal must be received within 10 days from receipt of this letter at the address below.

Katherine Churchill
Continental Airlines
P O. Box 60307 AMF
3500 North Terminal Road
Houston ,Tx  77205

Nick Petrov
Managing Director/IAH

# REQUEST FOR APPEAL

Employee # 77559

\* Level 1 __X__
\*\*Level 2 _____

> \* If this request is for a first level appeal, forward this form to your Director. Asst. Director or their Assistant.
> \*\*If this request is for a second level, or Drug Review Board Hearing, it must be submitted to your HR office.
> This request must be fully completed. Incomplete requests will be returned to the appealing employee.

*Please print all information:*

Full Name: __Stevan Erik Johnson__

Work Group: __CSA__ ((T/ops), ATO, Cargo, CSC, BRSC, etc.)

Home Phone: __(713) 326 6579__

Home Address: __1145 Fenwick Dr # 1903__
__Houston, Texas 77060__

Disciplinary Action Taken: __Administrative Suspension__

Action Taken by: __Robert White__ on: __June 1, 2001__
(name of leadership)                      (date)

State specifically how company policy was applied inappropriately or why you believe
the action was inappropriate: __I believe it was taken to get__
__me to reconsider against my free (civil) will.__

What **Solution**/Resolution do you desire: __To be reinstated with__
__full compensation, And no further problems (harassment, discrimination)__

Reinstatement __X__   Seniority __X__   Back Pay __X__   Other __X__

I request: __Lonnie Chambers__ to assist me at the appeal. (It is the responsibility
of the employee to inform his/her EIT Rep. of the date, time and location of the appeal when scheduled).

__Stve Jn__
(signature)

REQUEST RECEIVED BY: _____    _____ DATE/TIME: _____

Letter sent to employee on: _____ notifying them of appeal scheduled for:_____

(please copy your HR department on all appeal documentation)

This was sent to Nick Parvus on June 1, 2001 via. U.S. mail. E.O.B.

# Exhibit 12

# Continental
## Airlines



Continental Airlines, Inc.
Post Office Box 60307
Houston TX 77205

**CERTIFIED MAIL**

February 16, 2004

Stevan Johnson
P. O. Box 121
Boston MA 02117

Dear Stevan:

A Step 2 appeal was conducted on February 11, 2004. The following persons were present:

> Jonathan Boswell, Human Resource Facilitator (non-voting)
> Carol Reese - Voting Management Hearing Officer
> Cannay Mussio - Voting EIT Member
> Bob Purdy - Management Presenter

Your selected employee/EIT representative, Denise Bell, did not show up for the hearing. You were offered the opportunity to have another EIT representative participate in the hearing, but you elected to continue without Ms. Bell or any other representative.

For us to overturn this decision, you must be able to demonstrate a misapplication of policy by management. Unfortunately, you did not do so. Therefore, it is our decision to uphold the application of policy and decisions of management in your case.

We understand that this is not the outcome you hoped would result. You have the right to request a Step 3 appeal. As stated in the Fly to Win Handbook, *"The team member has ten calendar days after receipt of the results of the Step 2 hearing to submit the request for a Step 3 appeal."* You may fax your request to 281-553-1078 or, if time permits, mail it to the following address. Please be aware that your request must be RECEIVED in our office within the ten calendar day timeframe.

> Continental Airlines
> Sheryl Winter, IAHKK
> P.O. Box 60307 AMF
> Houston, Texas 77205

Sincerely,

Carol Reese
Voting Management Board Member

Carmay Mussio
Voting EIT Representative Board Member

Attachment 1

# REQUEST FOR APPEAL FORM

\* Step 1 _____     \* Step 2 _X_     \* Step 3 _____

Step 1: Employee must submit form to G.M., Director, A.D. or their Assistant, and to their Human Resource Dept.
Step 2 or Step 3: Employee must submit form to their Human Resource Department.
This request must be fully completed. Incomplete requests will be returned to the employee.

*Please print all information:*

Full Name: _Steven E. Johnson_     Employee Number: _77559_

Station: _IAH_  Work Area: _T/OPS_  Hire Date: _06 - 08 - 94_

Home Phone: (___) _N/A_   Alternate contact number: (___) _N/A_

Physical Mailing Address: _P. O. Box 121_
(no P.O. Boxes)
_Preston, MA  02117_

E-mail address for correspondence regarding appeal: _StevenJohnson @ Ychoo.com_

Disciplinary Action Taken: _Suspension / Termination_ (type of letter or termination)

Action Taken by: _Nick Petrov_  on: _January 22, 2004_
              (name of leadership)                    (date)

Specify how company policy was applied inappropriately or why you believe the action was inappropriate:

_Mr. Petrov was in concert with Katherine Churchill and_
_I was fired unlawfully._

What Solution/Resolution do you desire: _To be discussed in conference_
_with appropriate continental representative._

Reinstatement _X_  No Loss of Seniority _X_  Back Pay _X_  Removal of Letter _X_

I request: _Michele Rozz_ to assist me at the appeal. (It is the responsibility of the employee to
inform his/her EIT Rep. of the date, time and location of the appeal when scheduled)

_____  Date _February 4, 2004_
(employee signature)

REQUEST RECEIVED BY _____ DATE/TIME: _____

(please copy your HR department on all appeal documentation)

1

# Exhibit 13

**CERTIFIED MAIL#:**
7003 2260 0004 2621 3954

March 20, 2004

Stevan E. Johnson
P.O. Box 121
Boston, MA 02117

Epstein, Becker & Green, P.C.
Attn: **David S. Rubin, Esq.**
111 Huntington Avenue, 26th Floor
Boston, MA 02199-7610

                    RE:     *Johnson v. Continental Airlines Corporation*
                            United States District Court - Massachusetts
                            Civil Action No. 03-11992 (PBS)

Dear Mr. Rubin:

Your client, Continental Airlines, Inc., steadfastly repudiated the contractual Appeal
Procedure agreement, I therefore treat the wanton repudiation as a breach. At no time has
consideration been given to excusing Continental's non-performance of Continental's
obligations found in "Section 12" of the Company internal Appeal Procedure.

In good faith, on June 1, 2001, I timely submitted my Request For Appeal and have since
shown my readiness, willingness, and ability to perform the obligations necessary to satisfy
any of the conditions precedent that may become applicable to the previously repudiated
"Section 12" Appeal. Consequently, I am not willing to waive or extend the time
limitations placed on Continental to perform certain obligations under the terms of
"Section 12", in light of Continental's fraudulent breach of the "Section 12" agreement
which has frustrated the entire Process almost to the point of futility.

As such, the equitable doctrines of waiver and estoppel are now ripened fruit harvested
from Continental's breach of contract by fraud with intent to abandon, but I will heed the
Court and continue through the Process, in an attempt to avoid further delay and possible
forfeiture of my right to arbitration. Therefore, consider this as my <u>NOTICE</u> of my intent
to submit a timely Step-3 arbitration request pursuant to "Section 12" of the April 1997
*Fly to Win Handbook*, which my June 1, 2001 Request For Appeal arose under.

                    Very Truly Yours,

                    Stevan E. Johnson

Cc:     Jonathan Boswell
        Via Fax: 281-553-1078