IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| STEVAN JOHNSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CONTINENTAL AIRLINES, INC. )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 04-10902 (PBS)<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR
### SUMMARY JUDGMENT AND REQUEST FOR EQUITABLE RELIEF

Plaintiff, Stevan Johnson ("Johnson" or "Plaintiff"), hereby files his Opposition to Defendant's, Continental Airlines, Inc. ("Continental" or "Defendant"), Motion to Dismiss or, Alternatively, For Summary Judgment and Request for Equitable Relief ("Motion") and respectfully show the Court the following:

### INTRODUCTION

The parties in the above-captioned case have yet to actually litigate any of the claims brought in this instant action filed in this Court on May 6, 2004. This is the second civil action filed in this Court by the Plaintiff against the Defendant. The first action was commenced on October 14, 2003 when Plaintiff filed his Original Complaint (Civil Action No. 03-11992 (PBS)) in this Court. In response to the Original Complaint,

as here, Defendant moved for dismissal or, alternatively, summary judgment. The Motion was not granted then and should be denied in the instant action as well.

In his response to Defendant's first motion to dismiss in Civil Action No. 03-11992 (PBS) Plaintiff moved to compel Continental to **arbitrate**. On January 5, 2004 this Court granted Plaintiff's motion to compel **arbitration**. In so doing, the Court initially indicated Civil Action No. 03-11992 (PBS) would be dismissed WITHOUT prejudice, but instead stayed the case and administratively closed it. Despite the Court Order no arbitration proceedings ever occurred, and Continental's claim that Plaintiff was given the opportunity to participate in the internal appeal process 2½ years after it was suppose to be conducted does not satisfy compliance with the Court Order.

In light of the fact that Continental ignored the Court Order and his *Pro Se* status, Plaintiff deemed it would be more beneficial to all parties involved to re-file his Complaint rather than submit a motion to re-open Civil Action No. 03-11992 (PBS).

## FACTUAL BACKGROUND

1. Plaintiff, hereby, incorporates by reference the allegations in paragraphs 8-62 of Plaintiff's Amended Complaint (Civil Action No. 04-10902 (PBS)) as if set forth fully herein.

2. Plaintiff previously filed a Complaint in this Court, Civil Action No. 03-11992 (PBS), on October 14, 2003. After a hearing on January 5, 2004 in that case the Court granted Plaintiff's Motion to Compel Arbitration and Stay Proceeding Pending Arbitration that he had filed on November 12, 2003.

3. Instead of invoking the services of an Arbitrator, Continental decided to offer Johnson the opportunity to utilize the internal appeal process that it had, for almost

2

three (3) years, maintained was not available to Johnson. This offer was communicated to Johnson via a letter dated January 12, 2004 from Nick Petrov – Sr. Director Terminal Operations, IAH. (See: Exhibit A)

4. At the time this offer was made by Petrov, Johnson had previously requested two (2) separate appeals; (1) one for his June 1, 2001 suspension and (2) for the termination of the employment agreement between Johnson and Continental. These two (2) separate appeal requests fell under differentiating appeals guidelines.

5. Therefore, Johnson has the right to two (2) separate internal appeal proceedings. In light of the fact that Continental has abandon the pretextual claim that "an appeal is not appropriate..." (See: Exhibit B)

6. In light of his legal right to the two (2) separate appeals; Johnson chose to operate under the guidelines in effect at the time of his first appeal requested for his suspension. That however did not stop Continental from abridging Johnson's rights by combining the two (2) separate appeals into one. Johnson was legally operating under the terms of the appeal procedure in effect at the time of his first appeal request when he was denied his arbitration request in breach of that contractual provision.
(See: Arbitration Request at Exhibit C)

## ARGUMENT

Defendant has moved for this Court to dispose of all of Plaintiffs claims in his Original Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or 56(c). Plaintiff, hereby submits his Opposition to Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment and Request for Equitable Relief.

For the reasons below Defendant's Motion should be denied.

A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) must be denied, if the "Complaint... contains only a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. Rule Civ. Proc. 8(a)(2)." <u>Swierkiewicz v. Sorema N.A.</u> 534 U.S. 506 (2002) ("complaint is sufficient to survive...motion to dismiss"; reversed and remanded) "The Court has never indicated that the requirements for establishing a prima facie case apply to pleading." (*Id.*)

### A.   Alleged Litigation Abuse

Defendant's claim of litigation abuse is frivolously employed by the Defendant to avoid or, at the very least, delay answering Plaintiff's Amended Complaint. Defendant falsely presented to this Court in Its November 6, 2003 filing in Civil Action No. 03-11992 (PBS) that "this is the first action Johnson has commenced in court," (<u>Id.</u> Docket # 5 at 2) to support Its argument that "[Johnson] was given a Notice of Right to sue... but failed to do so." (<u>Id.</u> Note 4 at 9) Now that the Defendant's stratagem has changed so have the facts the Defendant presents to this Court. Defendant now asserts that, "Johnson filed a [previous] federal court complaint." (<u>See:</u> Defendant's Motion at 5 ¶ 6) The prejudice now suffered by the Plaintiff because the Defendant has arbitrarily changed the facts It presents to this Court according to Its' argument must not be allowed.

For that reason Defendant's motion should be denied as to that claim for relief.

### B.   Failure to Exhaust Internal Grievance Process

Johnson did not fail to exhaust the internal grievance process. On the contrary Johnson clearly followed the Appeal Procedure found in "Section 12" of the *Fly to Win Handbook* for employees classified as Field Service Agents when he requested arbitration according to the terms of that agreement in effect at the time of his first appeal request.

4

When Defendant denied Johnson his right to arbitration It breached the agreement and cannot now claim that Johnson failed to exhaust the process. The mere fact that Continental initially breached the Appeal Procedure agreement on June 6, 2001 and Johnson still showed that he was ready, willing and able to participate is a clear indication that Johnson did not fail to exhaust the process but that Continental manipulated the process to achieve their desired outcome. Once Continental's past conduct of completely denying Johnson his contractual appeal rights are correctly assessed and put into proper perspective the weight of the evidence reveals that Johnson followed the procedure in place but was severely hindered by the actions of Defendant.

Johnson did not waive his right to a trial by jury for his federal statutory causes of action because he participated in the grievance process, especially where the arbitration clause was denied in breach of the appeal agreement. An internal appeal without discovery or any of the rudimentary of a judicial proceeding cannot properly be deemed to have the capacity to adjudicate a Plaintiffs federally protected civil rights.

For that reason Defendant's motion should be denied as to that claim for relief.

### C.   Dismissal Pursuant To Rule 12(b)(6) And/Or Rule 56(c)

According to Defendant's Preliminary Statement in the Defendant's Motion, "Johnson's newest complaint is nearly identical to the complaint he filed in this Court on October 15, 2003."[1] That being the situation, Defendant knows that this Court has already indicated that a motion to dismiss the complaint at this stage in the proceedings is not going to be granted on a Rule 12(b)(6) motion to dismiss, where Plaintiff has alleged he is Black and was treated differently than a White person.

For that reason Defendant's motion should be denied in its entirety.

---

[1] The actual date the complaint was filed was October 14, 2003.

5

### I.     Title VII Claims

Defendant seeks to get Johnson's Title VII claims dismissed as procedurally barred. However, Johnson filed a charge of discrimination with the EEOC claiming a continuing violation starting in May 1997. All acts of a continuing violation for Title VII purposes are considered timely so long as one act occurs within the statutory 300-day filing period, and viewing the allegations in the Amended Complaint in favor of the Plaintiff, the Title VII claim at this stage must be considered timely.

For that reason Defendant's motion should be denied as to this claim.

### II.    42 U.S.C. § 1981

Defendant claims that because one of two appeals was conducted that Johnson claims are now moot. Plaintiff's Section 1981 claim is not mooted now simply because Continental conducted an appeal. A fact-finder still must be presented with evidence to determine whether Continental did not conduct the appeal for the impermissible reasons alleged by the Plaintiff. Continental cannot escape liability just because they conducted an appeal years later, if the original conduct being complained of was discriminatory.

Defendant artfully eludes the fact that Johnson also claimed, *inter alia*, that he was denied the equal enjoyment of an alternative employment opportunity, which is the essence of the 'at-will' contractual agreement that Johnson entered into with Continental on June 8, 1994. In that agreement Continental promised to afford all employees an equal opportunity for employment. That did not happen in this case with Plaintiff, a black employee of Defendant, and a similarly situated white employee of Defendant. (See: Amended Complaint ¶¶ 57-60)

For that reason Defendant's motion should be denied as to this claim.

### III.   42 U.S.C. § 1985

Although Johnson does not specifically allege a conspiracy in violation of 49 U.S.C. § 40101, *et seq.*, the pleadings must be construed liberally. Under that statute there is no comprehensive remedial scheme to protect Plaintiff's rights secured by the Federal Aviation Act against discrimination in employment, but those rights do exist.

For that reason Defendant's motion should be denied as to this claim.

### IV.   **Breach of Contract**

Johnson claims that the entire relationship between Johnson and Continental is a contract. (See: Amended Complaint ¶ 12) It is an employment contract that is terminable 'at-will' (for nondiscriminatory reasons) but otherwise enjoys the tenets of a contract. Johnson did not fail to exhaust the internal appeal. After Continental breached the contractual appeal procedure agreement Johnson was under no obligation to participate in, let alone exhaust, the appeal procedure after the initial breach of the appeal procedure agreement by Defendant on June 6, 2001, which ultimately lead to the Court Order compelling arbitration.

For that reason Defendant's motion should be denied as to this claim.

### V.   **Railway Labor Act - (45 U.S.C. § 151 *et seq.*)**

The Railway Labor Act applies to non-union airline employees as well as airline employees who are members of labor unions covered by a collective bargaining agreement. The Plaintiff and Defendant in this action have a valid contractual Appeal Procedure in place for controversies that arise in/out of the employment relationship. On June 6, 2001 Continental failed to exert any effort to settle this dispute using the apparatus in place for such disputes. And now years later Continental should not be

absolved of their duty to settle this dispute under the agreement in place at that time. The agreement has a valid arbitration clause that Continental has unreasonably refused to undertake to settle this dispute, this in light of the Court Order.

Without obligation, on April 5, 2004, Johnson requested arbitration according to the terms of the agreement in effect at the time this dispute arose on June 1, 2001. Continental did not enter into arbitration thereby failing to exert every reasonable effort to settle this dispute. The fact that Johnson requested arbitration on April 5, 2004 clearly puts this claim well within the six-month statute of limitations governing such claims.

For that reason Defendant's motion should be denied as to this claim.

## VI. 49 U.S.C. § 40101 *et seq.*

The Federal Aviation Act of 1958 ("FAA") prohibits discriminatory practices by an air carrier. "An air carrier or foreign air carrier may not subject a person... to unreasonable discrimination." 49 U.S.C. 41310. The United States Supreme Court in *Colorado Anti-Discrimination Commission v. Continental Air Lines* 372 U.S. 714 (1963) deemed the "provisions [in the FAA to] protect job applicants or employees from discrimination on account of race." The set of facts alleged in Plaintiff's Amended Complaint adequately states a claim for relief that this statute appears to canvas. While the statute has not been frequently used in this manner it never the less protects Plaintiff's rights and is therefore actionable.

For that reason Defendant's motion should be denied as to this claim.

## **CONCLUSION**

For the reasons above, Defendant's Motion to Dismiss Or, Alternatively, For Summary Judgment should be denied in its entirety.

Respectfully Submitted,

Stevan E. Johnson
P.O. Box 121
Boston, MA 02117

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the above document was served upon the attorney of record for Defendant, Continental Airlines, Inc., by depositing same in the United States Mail, First Class, on this the 21st day of June 2004 and addressed as follows:

Epstein, Becker & Green, P.C.
Attn: David S. Rubin
111 Huntington Avenue
Boston, MA 02199

Stevan E. Johnson

*Pro Se*