UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVAN JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No: 04-10902 (PBS) |
| CONTINENTAL AIRLINES CORPORATION | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO**
**COMPEL DEFENDANT TO ANSWER PLAINTIFF'S AMENDED COMPLAINT**

The defendant, Continental Airlines, Inc. ("Continental"), hereby opposes the motion of the plaintiff, Stevan Johnson, to compel Continental to answer Johnson's Amended Complaint.

In response to Johnson's Amended Complaint, Continental filed a Motion to Dismiss or, Alternatively, for Summary Judgment and Request for Equitable Relief. Rule 12(b) of the Federal Rules of Civil Procedure explicitly permits a defendant to file such a motion before answering a complaint. The filing of a Rule 12(b) motion tolls the time for serving a responsive pleading. Baker-McKee, et al., *Federal Civil Rules Handbook* 309 (Thomson - West 2004). If this Court denies Continental's motion with respect to any of the claims asserted in the Amended Complaint, Rule 12(a)(4)(A) provides that Continental must then answer the surviving claims within 10 days after notice of the Court's action.

Johnson's motion seems to be based upon his argument that: (1) his Amended Complaint is nearly identical to the complaint he filed against Continental in an earlier action before this Court (C.A. No. 03-11992-PBS); (2) Continental filed a Motion to Dismiss or, Alternatively, for Summary Judgment in that earlier action; and (3) that motion was not granted in the earlier

action. The mere fact that Continental raised a particular defense in the earlier action, however, does not in any way deprive Continental of its rights under the Federal Rules of Civil Procedure to assert any such defense in this action.

Moreover, the Court never reached Continental's motion in the earlier action, because it granted Johnson's motion to compel with respect to Continental's internal appeal procedure. In fact, Johnson's failure to follow the internal appeal procedure, despite the Court's explicit admonishment to do so,[1] is an important issue raised in Continental's pending motion.

For these reasons, Johnson's Motion to Compel Continental to Answer his Amended Complaint should be denied.

Respectfully submitted,

CONTINENTAL AIRLINES, INC.
By its attorneys,

/s/: David S. Rubin
David S. Rubin, BBO # 546213
Jeffrey M. Rosin, BBO #629216
Epstein, Becker & Green, P.C.
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

Dated: June 30, 2004

---

[1] On March 14, 2004, in response to Johnson's Motion for Court Appointed Arbitrator filed in the earlier action, the Court advised Johnson: "You should follow the appeal procedure in the contract forthwith or forfeit your arbitration rights."

BO:126154v2

## CERTIFICATE OF SERVICE

      I, David S. Rubin, hereby certify that, on this <u>30th</u> day of June, 2004, I served a copy of this Opposition by First Class Mail to Mr. Johnson at the below address:

    Stevan E. Johnson
    P.O. Box 121
    Boston, MA 02117

                                    <u>/s/: David S. Rubin</u>_____
                                      David S. Rubin

BO:126154v2