UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVAN JOHNSON,  )
  )
    Plaintiff,  )
v.  )
  )  Civil Action No: 04-10902 (NMG)
  )
CONTINENTAL AIRLINES  )
CORPORATION  )
    Defendant.  )

## MEMORANDUM OF CONTINENTAL AIRLINES

**1. Introduction**

Defendant Continental Airlines Corporation ("Corporation") files this Memorandum in response to the Affidavit of Stevan Johnson ("Johnson"), recently filed with this Court ("Affidavit"). In his Affidavit, Johnson claims that Continental "has not obeyed the January 5, 2004 Court Order to Compel Arbitration." (See Affidavit, ¶ 13) This assertion is not correct, and the Affidavit provides an incomplete and selective description of the previous proceedings between Johnson and Continental.

This matter was transferred to this Court from the Honorable Patti B. Saris on July 13, 2004.[1] This is the second complaint Johnson filed in the District of Massachusetts based upon the termination of his employment with Continental.[2] The first complaint, Civil Action No. 03-11992-PBS ("First Action"), was filed October 14, 2003, and was also assigned to Judge Saris.

---

[1] Before the transfer, Continental filed a Motion To Dismiss Or, Alternatively, For Summary Judgment and Request for Equitable Relief ("Motion"), which remains pending.

[2] In total, Johnson has filed five charges against Continental with the Equal Employment Opportunity Commission, and three federal court complaints, including the instant action. A full recitation of the history of Johnson's actions is set forth in Continental's Memorandum in Support of Its Motion ("Memorandum").

### 2. Johnson's Motion to Compel Arbitration

Shortly after filing his complaint in the First Action, Johnson moved to compel arbitration, arguing that Continental had improperly denied him access to the Company's internal Appeal Procedure. (See First Action, Docket #8) The Appeal Procedure cited by Johnson in his motion to compel was set forth in Section 13 of Continental's *Fly to Win Handbook* ("Section 13"), and provided for a three-step appeal process that could culminate in arbitration. (Id. Exhibit B thereto) At a hearing on January 5, 2004, Judge Saris granted Johnson's motion and, on January 8, 2004, the First Action was stayed and administratively closed.

### 3. Johnson's Motion for Court Appointed Arbitrator

Following Judge Saris' ruling, the parties commenced an internal appeal procedure pursuant to Section 13. A first step meeting was held on January 23, 2004, and a second step meeting was held on February 11. (See Exhibit 1 hereto) Johnson then refused to proceed to the third step appeal, and instead filed a motion asking Judge Saris to immediately appoint an arbitrator to hear his claims. (See First Action, Docket #20) On March 14, 2004, Judge Saris denied this motion, and explicitly directed Johnson, in writing: "You should follow the appeal procedure in the contract forthwith or forfeit your arbitration rights." (See Exhibit 2 hereto (emphasis added)).

### 4. Johnson's Motion to Strike

On March 10, 2004, even before Judge Saris issued her decision on Johnson's Motion for Court Appointed Arbitrator, Johnson filed a new motion. Fashioned as a Motion to Strike, this pleading sought to require Continental to follow an older version of its internal appeal process known as "Section 12." (See First Action, Docket #22) Section 12 provided for two-step

procedure, rather than the three-step procedure set forth in Section 13. On March 24, 2004, Judge Saris denied this motion, too.

### 5. Step 3 Review

By March 14, 2004 (when Judge Saris warned Johnson that he could forfeit his arbitration rights), Johnson had actually already forfeited his arbitration rights because, after Step 2 of Johnson's internal appeal, he failed to timely request a Step 3 review. Indeed, Johnson had no right to arbitration under Continental internal grievance process before exhausting all steps in that process. Nonetheless, Continental set up a Step 3 hearing for April 13, 2004. (See Memorandum, ¶¶ 24-26)

Instead of attending his Step 3 appeal, however, Johnson contacted Continental and stated that he never requested a Step 3 appeal hearing. (See Memorandum, ¶ 26 (citing, Affidavit of Christina Garcia ¶ 3, Exhibit B thereto)). Consequently, on April 5, 2004, Continental sent him a letter confirming that the internal appeal was closed. (Id.

### 6. Renewed Motion for Court Appointed Arbitrator

On April 13, 2004, Johnson filed a motion asking Judge Saris to reconsider her ruling on his Motion for Court Appointed Arbitrator. (See First Action, Docket #24) On May 5, Judge Saris denied this motion, finally terminating all proceedings in the First Action, and giving rise to the filing of the complaint in this case.

### **Argument**

Taken together, Judge Saris' denials of Johnson's Motion for Court Appointed Arbitrator and Motion to Strike make clear that Johnson had no right to arbitration without following the Section 13 appeal process. It is indisputable that Johnson failed to follow the Section 13 process

3

to its conclusion, as confirmed by Judge Saris' denial of his renewed Motion for Court Appointed Arbitrator.

On March 14, 2004, Judge Saris specifically warned Johnson that he would forfeit his right to arbitration if he failed to follow Continental's internal appeal procedures. When Johnson refused to proceed to Step 3 of his internal appeal, that is exactly what happened. Therefore, Johnson's claim in his Affidavit that Continental violated Judge Saris' January 5, 2004 Order should be rejected.

## Conclusion

For the reasons above, Continental respectfully urges this Court to reject any claim by Johnson that Continental failed to follow Judge Saris' January 5, 2004 Order.

Respectfully submitted,

CONTINENTAL AIRLINES, INC.

By its attorneys,

/s/ Jeffrey M. Rosin
David S. Rubin, BBO # 546213
Jeffrey M. Rosin, BBO #629216
Epstein, Becker & Green, P.C.
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

Dated: August 20, 2004

## CERTIFICATE OF SERVICE

I, Jeffrey M. Rosin, hereby certify that, on this 20th day of August, 2004, I served a copy of this pleading by First Class Mail to *pro se* plaintiff:

> Stevan E. Johnson
> 1421 N. Dunton Avenue
> Arlington Heights, IL 60004

> /s/ Jeffrey M. Rosin
> Jeffrey M. Rosin

# EXHIBIT 1

xxx



## Continental




RECEIVED

JAN 2? 2004
HUMAN RESOURCES-IAH

January 23, 2004

Mr. Stevan Johnson
P.O. Box 121
Boston, MA. 02117

Dear Mr. Johnson

At your request a first level appeal hearing was convened on January 22, 2004. The reason for the hearing was to review the termination of your employment with Continental Airlines.

Your employment was terminated when you declined to have your finger imaged for the payroll process (Eta).

After hearing both sides of this issue I find no mitigating circumstances that would justify overturning management's decision to terminate your employment.

If you do not agree with this decision, you may escalate your concerns to the second level. Your request for appeal must be received within 10 days from receipt of this letter at the address below.

           Katherine Churchill
           Continental Airlines
           P O. Box 60307 AMF
           3500 North Terminal Road
           Houston ,Tx 77205

Nick Petrov
Managing Director/IAH

## Continental Airlines



Continental Airlines, Inc
Post Office Box 60307
Houston TX 77205

**CERTIFIED MAIL**

February 16, 2004

Stevan Johnson
P. O. Box 121
Boston MA 02117

Dear Stevan:

A Step 2 appeal was conducted on February 11, 2004. The following persons were present:

        Jonathan Boswell, Human Resource Facilitator (non-voting)
        Carol Reese - Voting Management Hearing Officer
        Canmay Mussio - Voting EIT Member
        Bob Purdy - Management Presenter

Your selected employee/EIT representative, Denise Bell, did not show up for the hearing. You were offered the opportunity to have another EIT representative participate in the hearing, but you elected to continue without Ms. Bell or any other representative.

For us to overturn this decision, you must be able to demonstrate a misapplication of policy by management. Unfortunately, you did not do so. Therefore, it is our decision to uphold the application of policy and decisions of management in your case.

We understand that this is not the outcome you hoped would result. You have the right to request a Step 3 appeal. As stated in the Fly to Win Handbook, _"The team member has ten calendar days after receipt of the results of the Step 2 hearing to submit the request for a Step 3 appeal."_ You may fax your request to 281-553-1078 or, if time permits, mail it to the following address. Please be aware that your request must be RECEIVED in our office within the ten calendar day timeframe.

    Continental Airlines
    Sheryl Winter, IAHKK
    P.O. Box 60307 AMF
    Houston, Texas 77205

Sincerely,

*Carol Reese*
Carol Reese
Voting Management Board Member


*Carmay Mussio*
Carmay Mussio
Voting EIT Representative Board Member

# EXHIBIT 2

## David Rubin - Activity in Case 1:03-cv-11992-PBS Johnson v. Continental Airlines Corporation "Order on Motion for Miscellaneous Relief"

**From:** <ECFnotice@mad.uscourts.gov>
**To:** <CourtCopy@mad.uscourts.gov>
**Date:** 3/15/2004 10:09 AM
**Subject:** Activity in Case 1:03-cv-11992-PBS Johnson v. Continental Airlines Corporation "Order on Motion for Miscellaneous Relief"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was received from Patch, Christine entered on 3/15/2004 at 9:56 AM EST and filed on 3/14/2004

Case Name: Johnson v. Continental Airlines Corporation
Case Number: 1:03-cv-11992 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?88627
WARNING: CASE CLOSED on 01/08/2004

Document Number:
Copy the URL address on the line below into the location bar of your Web browser to view the document:

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered denying [20] Motion for Court Appointed Arbitrator. "You should follow the appeal procedure in the contract forthwith or forfeit your arbitration rights." (Patch, Christine)

The following document(s) are associated with this transaction:


1:03-cv-11992 Notice will be electronically mailed to:
Jeffrey M. Rosin                                      jrosin@ebglaw.com

David S. Rubin                                        drubin@ebglaw.com


1:03-cv-11992 Notice will not be electronically mailed to:

file://C:\Temp\GW}00001.HTM                                              3/15/2004

Stevan Johnson
P.O. Box 121
Boston, MA 02117