IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| STEVAN JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10902 (NMG) |
| ) | |
| CONTINENTAL AIRLINES, INC. ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL AFFIDAVIT OF PLAINTIFF STEVAN JOHNSON

I, Stevan E. Johnson, hereby provide the following information based on my personal knowledge and belief.

1. On January 5, 2004 I filed an affidavit ("Orig. Aff.") with the clerk of the court in civil action no. 03-11992 (PBS), which is wholly related to the above-captioned case. On July 23, 2004 I filed an affidavit in the above-captioned case and attached the Orig. Aff. thereto marked as Exhibit A.

2. The information contained herein is provided to augment the affidavit I filed on July 23, 2004 in the above-captioned case.

3. "In the early spring 2001, Continental implemented a new system to electronically record employee's time and attendance ("*eTA* System")." (See: Docket Item# 8, Affidavit of Katherine J. Churchill at ¶ 3)

4. On May 26, 2001 I had a meeting with Nick Petrov – Terminal Operations Director IAH. (See: Orig. Aff. at ¶ 29) During that meeting I bargained with Petrov for an agreement to delay submitting my biometric fingerprint ("image") "until after I received a satisfactory written agreement concerning the intended use(s) of the digital fingerprint alleged to be needed to access the *e*TA system." (Id.)

5. But on June 1, 2001 I was suspended by Petrov's assistant "Robert 'Bob' White who claimed he was 'acting on behalf of Nick [Petrov]'." (See: Orig. Aff. at ¶ 28) I believe Petrov ordered the adverse employment action taken against me because he developed animus towards me due to the fact that I was exercising my rights pursuant to section 101.003 of the Texas Labor Code which states:

> "A person's inherent right to work and bargain freely with the person's employer, individually or collectively, for terms of the person's employment may not be denied or infringed by law or any organization." (emphasis added)

6. The suspension notice given to me by White on June 1, 2001 falsely claims that I refused to "image". (See: Exhibit A attached hereto)

7. **I NEVER REFUSED**[1] to submit my biometric fingerprint ("image") to Continental. (See: Orig. Aff. at ¶ 28) Continental's false claim that I did refuse to "image" remains a material fact at issue that is still in dispute.

8. On June 15, 2001 Attorney James R. Davis wrote a letter to Continental on my behalf. (See: Exhibit B attached hereto) In that letter Atty. Davis requested "to appear in [Continental's] presence on [my] behalf" and that the "Appeal Procedure be

---

[1] The Defendant has brazenly requested the Court to ignore facts by "disregarding entirely" (See: Docket Item# 7 at 14) the undisputable fact that a "White [Continental employee] actually refused to ["image"] for Continental's *e*TA [system] but was able to continue his employment with Continental..." (See: Orig. Aff. at ¶ 30)

2

honored." (Id. at 1 (emphasis in original)) Atty. Davis also informed Continental that "my client will give you his fingerprint…" (Id. at 2) Continental did not honor the numerous requests made by Atty. Davis that would have resolved my issues.

9. Continental also did not honor my Appeal Procedure request after the employment agreement between Continental and I was terminated. "It is undisputable that the 'at-will' employment contract gives Plaintiff a contractual right to appeal '**any** controversy arising out of [h]is employment or separation from employment'. In particular, Plaintiff's perfected appeal request of the termination of the agreement was denied by Ryan Price for the racially and/or retaliatorily motivated reason of 'Individuals who abandon there jobs are not entitled to utilize our appeal process.' The alleged non-discriminatory reason of job abandonment proffered by the Defendant is contradicted by a redacted version of a termination letter given to a similarly situated white employee of Defendant. In the letter given to the white employee, the letter explicitly asserts that the employee's appeal rights are preserved in spite of, and **because of** the fact that s/he was terminated for alleged job abandonment." (See: Civil Action No. 03-11992 (PBS) docket item# 8 at ¶ 3, 3-4; see also: letter attached hereto as Exhibit C)

10. Since before September of 2002 I have been forced to attempt to protect and preserve my rights without the assistance of legal counsel, begotten by a deeply divine sense of duty to vigorously defend the precious privileges gained thru an 1865 Congressional Enactment. (See: Orig. Aff. at ¶ 1) Untrained and lacking the appropriate knowledge and understanding of 'politically correct' legal acumen has led to me being falsely accused of "litigation abuse" by Continental "spin doctors".

11. Continental had the opportunity in June 2001 to confront issues at hand and completely avoid any litigation and this civil action altogether. I believe any frustration Continental may be experiencing is self-induced and falls solely at Continental's doorstep. I have not engaged in "litigation abuse" by taking affirmative steps required by me to protect my rights, which, if not taken would put me at risk of being conversely accused of sleeping on my rights. I believe the "litigation abuse" label is extremely prejudicial and unconscionable.

12. I have attached a Memorandum hereto in support of my Opposition to Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment and Request for Equitable Relief. (See: Exhibit D hereto)

**Oath**

Signed under the penalties of perjury this the 3RD day of December 2004

_____
Stevan E. Johnson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this the 3RD day of December 2004 service of a true and correct copy of the foregoing instrument was sent via the United States Postal Service to Defendant's counsel of record and addressed as follows:

    Epstein, Becker & Green, P.C.
    Attn: Jeffrey M. Rosin
    111 Huntington Avenue
    Boston, MA 02199

                                  Stevan E. Johnson

                                  *Pro Se*