IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                   )
STEVAN JOHNSON                     )
           Plaintiff,              )
                                   )
v.                                 )       C.A. No.: 04-10902(NMG)
                                   )
                                   )
CONTINENTAL AIRLINES, INC.,        )
                                   )
           Defendant.              )
_____)
```

FILED
IN CLERKS OFFICE

2005 JAN 31 P 1:35

U.S. DISTRICT COURT
DISTRICT OF MASS.

### MEMORANDUM OF PLAINTIFF

Plaintiff, Stevan Johnson ("Johnson"), files this Memorandum for the Court's consideration in conjunction with Plaintiff's Motion (Docket Item No. 24), to alter or amend the Court's Order of Dismissal.

#### I. Introduction

The Court, in the Memorandum and Order, dated January 14, 2005 (Docket Item No. 22), indicated that "it appears Johnson has abused the judicial system" in pursuit of relief from harm he alleges has been caused by the acts of the Defendant, Continental Airlines, Inc. ("Defendant").

This Memorandum is intended to expand the Court's view so that the entire picture appears and not just the Defendant's narrowed misinterpretation of the relevant facts.

## II. Abuse of the "Judicial System"

For the singular purpose of determining if "Johnson has abused the judicial system," it has been found that under Massachusetts law an "abuse of process claim fails when [the party asserting the claim] does not demonstrate an 'ulterior purpose'" because "[t]he 'essential elements'... of abuse of process are that: (1) process was used; (2) for an ulterior or illegitimate purpose; (3) resulting in 'damage'." Britton v. Maloney, 981 F. Supp. 25, 44 (D. Mass. 1997)

Johnson presents to this Court that Defendant's request, in the instant action, fashioned as "equitable relief", is in-fact a counter-claim or request for affirmative relief. "Affirmative relief is... that for which defendant might maintain an action independent of the plaintiff's claim[s]" Koerper v. St. Paul & N.P. RY. Co., 41 N.W. 656 (1889), and "only under the most imperative circumstances... can the right to a jury trial of legal issues be lost through prior determination of 'equitable relief'." (internal qoutes added) *Dairy Queen v. Wood, 369 U.S. 464, 472-73 (1961)* "Maintenance of the jury trial as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Beacon Theatres v. Westover, 359 U.S. 500, 501 (1958)

2

### III. EEOC Administrative Scheme

"The EEOC has no 'adjudicatory' power." <u>Blackshere v. Allied Materials Corp.</u>, 466 F. Supp. 22, 23 (W.D. Okl. 1978) Consequently, the administrative duties the EEOC performs for the Executive Branch of the United States Government may not be properly included as a factor in evaluating whether abuse of the "judicial system" has occurred. For that reason alone, Defendant's far-fetched claim of abuse must fail without the inclusion of the Plaintiff's attempts at conciliation with Defendant thru the EEOC scheme as a determinative factor.

### IV. Court Complaints Filed By Johnson

In the action at bar, the Defendant relies solely on the cumulative of the EEOC scheme and the federal court complaints that Johnson has filed in arguing that "Johnson has abused the judicial system." Since the EEOC scheme is a non-factor in determining the existence of any abuse, the Court is left with only the three (3) federal court complaints that are identified by the Defendant as the basis of their argument to determine the existence of the alleged abuse of the judiciary. Those court complaints filed by Johnson in the United States District Court(s) are as follows:

1)  Southern District of Texas - Houston Division
    a.  <u>Civil Action No. - H-02-1395</u>,

2)  District of Massachusetts - Eastern Division
    a.  <u>Civil Action No. 03-11992(PBS)</u>
    b.  <u>Civil Action No. 04-10902(PBS)</u>

Here, Johnson argues that Civil Action No. H-02-1395 filed in the Southern District of Texas Court ("Texas Action") must be excluded as a factor when this Court assesses whether any abuse has occurred. In court papers filed by the Defendant on November 6, 2003 in the District of Massachusetts Civil Action No. 03-11992(PBS) ("Mass. Action"), the Defendant avers that "this is the *first action* Johnson has commenced in court." *See Exhibit A* (p. 2). But, on October 22, 2003 the Defendant had filed papers in the Texas Action. *See Exhibit B.* The October 22, 2003 filing proves that the Defendant knew on November 6, 2003 when the court papers were filed that the Mass. Action was not the *first action*. The Defendant's unclean hands, and possible Fed. R. Civ. P. 11(b)(1)and(3) transgressions clearly constitutes behavior within the Court's discretion to curtail with appropriate impositions. The exclusion of the Defendant's "*newly discovered evidence*" in this case, of the Texas Action should be just that imposition.

The Court's exclusion of the Defendant's "*newly discovered evidence*", of the Texas Action, by virtue leaves this Court with <u>only</u> the two (2) actions filed in the District

4

of Massachusetts as factors for the limited purpose of determining if there exists any cause to believe "Johnson has abused the judicial system." And obviously, absent the irrelevant add-ons the Defendant now wishes the Court to consider as factors in making that determination, the two (2) filings in the District of Massachusetts, alone, do not suffice to rise to any level of egregiousness necessary for this Court to find that the Plaintiff has engaged in behavior so contumacious as to warrant the severe sanctions that the Defendant is seeking in its request for Extraordinary relief.

## V.   Conclusion

For the above reasons, the Plaintiff requests the Court to enter an Order of Consolidation for the above-captioned civil action and Civil Action No. 03-11992(PBS) with the lowest docket number controlling.


Respectfully Submitted,

Stevan E. Johnson
P.O. Box 121
Boston, MA 02117
*PRO SE*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true copy of the above document was served upon the attorney of record for Defendant, Continental Airlines, Inc., by depositing same in the United States Mail, First Class, on this the __31st__, day of February, 2005 and addressed as follows:

>   Epstein, Becker, & Green, P.C.
>   Attn: David S. Rubin, Esq.
>   111 Huntington Avenue
>   Boston, MA 02199

>   _____
>   Stevan E. Johnson
>
>   *Pro Se*