# EXHIBIT B



Legal Department
1600 Smith Street
41st Floor HQSLG
Houston TX 77002
Tel 713 324 5000
Fax 713 324 5161
continental.com

October 22, 2003

Mr. Michael Milby, Clerk
Federal Building                                                    **By Messenger**
515 Rusk
Houston, Texas 77002

Re:    H-02-1395; *Stevan Johnson v. Continental Airlines, Inc.*; In the
       United States District Court for the Southern District of Texas,
       Houston Division

Dear Sir:

        Enclosed for filing in the above-styled case are an original and two copies of
*Continental's Special Appearance to Oppose Plaintiff's Motion for Relief from Court's
Dismissal and Final Judgment.*

        Appropriate service has been made as shown below. Please note the date of filing on the
enclosed copies, and return file-stamped copies to me for our files. Thank you for your
assistance in this matter.

                                        Very truly yours,



                                        Kathleen M. Plumley
                                        Legal Secretary

Enclosures

cc:    Stevan Johnson, *pro se* (w/Encl.) **(By Fax and U.S. Certified Mail RRR 7160 3901 9844 8151 1549)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEVAN JOHNSON

       Plaintiff,

v.

CONTINENTAL AIRLINES, INC.

       Defendant.

§
§
§
§
§
§
§
§
§
§

C.A. No. H-02-1395

---

## CONTINENTAL'S SPECIAL APPEARANCE TO OPPOSE PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S DISMISSAL AND FINAL JUDGMENT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Continental Airlines, without entering a general appearance, opposes and objects to Plaintiff's Motion for Relief from the Court's Dismissal and Final Judgment, and in support hereof shows the Court the following:

1.      Defendant was never, and to date has never been, served with process and Complaint in the above captioned cause of action. The Court properly dismissed Plaintiff's cause of action when he failed to timely and properly serve Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff failed, and continues to fail, to show good cause for his failure to serve Defendant or to request an extension of the time limits for service as set forth in Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff filed his motion for relief of the Court's judgment one year to the date after the Court's entry of judgment. Rule 60(b) requires

that such motions be made "within a reasonable time," but not more than one year after the judgment is entered. Plaintiff's motion must be denied based on the equitable doctrine of *laches*.

2.    Plaintiff seeks to reopen his case by way of Rule 60(b) of the Federal Rules of Civil Procedure claiming "newly discovered evidence" and "fraud;" however, he fails to support such a claim with necessary evidence and fails to assert any such fraud or mistake with particularity as required by Rules 9(b) and 60(b)(2) and (3) of the Federal Rules of Civil procedure. The Fifth Circuit holds that a "party making a 60(b)(3) motion must establish by clear and convincing evidence that: 1) the adverse party engaged in fraud or other misconduct and 2) the misconduct prevented him from fully and fairly presenting his case." *Government Financial Services v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995). Additionally, a claim of newly discovered evidence requires the moving party to show that: 1) the evidence was discovered after judgment, and 2) due diligence was exercised to discover the evidence before judgment was entered. *Schwieger v. Farm Bureau Ins. Co.*, 207 F.3d 480, 487 (8th Cir. 2000). Plaintiff must be denied the opportunity to reopen this cause of action due to his failure to provide proper evidence in support of his claim of newly discovered evidence and fraud.

3.    Plaintiff has filed numerous discrimination charges against Continental Airlines, Inc. with the United States Equal Employment Opportunity Commission in Houston, Texas and Boston, Massachusetts. All such charges have been dismissed with the EEOC stating they are "unable to conclude that the information obtained establishes violations of the statutes." As a result of Plaintiff's most recent charge, he was issued a right to sue on September 10, 2003, and in fact has filed a new lawsuit in Boston, Massachusetts, copy attached as Exhibit "A."

WHEREFORE, PREMISIES CONSIDERED, Continental Airlines opposes and objects to any requested relief from the Court's dismissal and final judgment of September 12, 2002.

Respectfully submitted,

Louis K. Obdyke
Federal ID. No. 6299
State Bar No. 15161460
Robin E. Curtis
Federal ID. No. 9920
State Bar No. 05286600
Continental Airlines, Inc.
1600 Smith Street, 41st Floor
Houston, Texas 77002
(713) 324-5119
(713) 324-5161 (fax)

Attorneys for Defendant

## CERTIFICAE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was furnished by certified mail, return receipt requested, to plaintiff on this 22 day of October, 2003 addressed as follows:


Stevan E. Johnson, *Pro Se*
1421 North Dunton Ave.
Arlington Heights, IL 60004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

STEVAN JOHNSON,
   Plaintiff,

VS.

CONTINENTAL AIRLINES
CORPORATION,
   Defendant.

§
§
§
§
§
§
§
§
§

CAUSE NO. _____

JURY TRIAL DEMANDED

03 - 11032 PBS

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

**COMES NOW**, Stevan Johnson, Plaintiff, complaining of Continental Airlines Corporation, Defendant, and for cause of action against it would show the Court as follows:

**I.**
**PARTIES**

***Plaintiff***

1. Plaintiff, Stevan Johnson (Johnson), is a resident of Cook County, Illinois. Mr. Johnson is a Black United States citizen. At all times material hereto, Mr. Johnson was an employee, as contemplated within the meaning of 42 U.S.C. §2000e, *et seq*.

***Defendant***

2. Defendant, Continental Airlines Inc. (Continental), is a domestic corporation doing business in the State of Massachusetts. At all times material hereto, Defendant was an employer within the meaning of 42 U.S.C. §2000e-(b), with more than 500 employees.

-1-


Exhibit "A"

## II.
## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §§

1331, 1337.

4.      Plaintiff further invokes this Court's supplemental/pendent jurisdiction, pursuant to 28

U.S.C. §1367, with respect to such claims as may arise from the same operative facts under the

Constitution and Laws of the applicable States of the United States of America.

5.      The employment practices Plaintiff alleges to be unlawful were at all times material to the

facts made the basis of this lawsuit, being committed within the jurisdiction of the United States.

6.      Plaintiff has timely filed a charge of discrimination with the United States Equal

Employment Opportunity Commission and has received a determination refusing to proceed

from said agency.  At the conclusion of the E.E.O.C.'s investigation, Plaintiff received the right

to sue Defendant Continental Airlines, Inc. on September 10, 2003.

7.      Venue is appropriate and proper in Boston, Suffolk County, Massachusetts pursuant to 28

U.S.C. §1391(c) because the defendant is a corporation residing, upon commencement of this

action, in the Judicial District of Massachusetts subject to personal jurisdiction of this Court.

## III.
## FACTS

8.      Plaintiff, Stevan Johnson is a Black United States citizen.  Mr. Johnson was hired by
Continental Airlines, Inc., an air carrier within the meaning of 45 U.S.C. §151, *et seq.*, as
a Field Services Agent in June 1994 and was continuously employed in that capacity until
his termination was processed on August 8, 2001.

9.      After being terminated, Mr. Johnson attempted to have his termination reversed by means
of Defendant's Appeal Process, which Continental admitted is a contract in McGuire *v.*
Continental Airlines, Inc. 210 F. 3d 1141 (CA10  2000).

10.     The promulgation of this contractual provision as set forth in the "Working Together Guidelines" is subject to the Railway Labor Act, as amended.

11.     The relevant provision of the "Working Together Guidelines" are incorporated into the divisional "Fly To Win Handbook" employee manual for the Field Services Division and states the following:

> If I have a dispute with the company, I agree to use the Appeal Procedure for the resolution of any controversy arising out of my employment or separation from employment.

12.     On October 17, 2001 Ryan Price-Managing Director Field Services Human Resources acted in concert with Katherine Churchill to deny Mr. Johnson the opportunity to resolve the employment dispute using the Appeal Process based on an alleged claim of job abandonment.

13.     However, the allegation of job abandonment is controverted by company documents showing Mr. Johnson on a leave of absence during the time it is alleged he was to have abandoned his job.

14.     Prior to Mr. Johnson's termination being processed on August 8, 2001 he attempted to initiate proceedings with Nick Petrov-Terminal Operation Director IAH on August 7, 2001 for the recovery of wages that were owed to him.

15.     Mr. Johnson's conduct in ¶14 was protected against retaliation under the Fair Labor Standards Act of 1938, as amended.

16.     Prior to Mr. Johnson's termination being processed on August 8, 2001 he complained to Katherine Churchill- Human Resource Manager IAH on August 7, 2001 about being discriminated against.

17.     The complaint in ¶16 was protected against retaliation under Title VII of the Civil Rights Act of 1964, as amended.

18.     The events in ¶¶ 8-17 occurred in Houston, TX (IAH) after Mr. Johnson's transfer from Boston, MA (BOS) became effective on July 26, 1999.

19.     While working in BOS, Mr. Johnson was under the supervision of Peter Walsh (Walsh)-SAS.

20.     On May 5, 1997 Mr. Walsh issued the Plaintiff an attendance instance for an alleged infraction of Defendant's attendance policy.

-3-

21.  On July 29, 1998 Mr. Johnson initiated the Appeal Procedure in an attempt to resolve the attendance issue from May 5, 1997.

22.  After Mr. Johnson initiated the appeal on July 29, 1998, and over the next several months Mr. Walsh began a practice of issuing Mr. Johnson reprimands.

23.  The first reprimand was issued on August 6, 1998 just 8-days after Mr. Johnson initiated the appeal opposing Mr. Walsh's May 1997 decision.

24.  The other reprimands occurred on August 13, 1998; November 12, 1998 and; February 11, 1999.

25.  Within the same relevant time period Mr. Walsh made several employment decisions that adversely affected the Plaintiff's wages.

26.  Specifically on September 7, 1998 he improperly denied Mr. Johnson's right to supplement his income with wages earned by working for a co-worker.

27.  On September 7th or 8th, 1998 Mr. Walsh conspired with Michael Venti-SAS to improperly deny Mr. Johnson his right to supplement his income with wages earned by working for a co-worker.

28.  On November 22 and 23, 1998 Mr. Walsh improperly denied Mr. Johnson overtime.

29.  The wage disputes mentioned *supra* [¶¶ 25-28] were resolved by using the Appeal Process.

30.  On July 1, 1999 just prior to Mr. Johnson's transfer from BOS to IAH he was removed from his chosen work area, where he was under the direct supervision of Mr. Walsh, and reassigned to another work area he opposed being assigned to.

31.  The reason for the reassignment, as stated by Jeff Willis-General Manager BOS, was "to take you out of harms way."

32.  Mr. Johnson's written opposition to the reassignment was given to Mr. Willis on July 7, 1999 and was followed by a reprimand from Mr. Walsh on July 8, 1999.

33.  The reprimand was based upon alleged behavior that Plaintiff believes was not entirely inconsistent with Defendant's CEO's book, From Worst to First, on pages 133-135.

34.  Mr. Johnson's transfer to IAH became effective on July 26, 1999.

-4-

35.  On April 4, 2001 Mr. Johnson met with a Human Resource manager at 1600 Smith Street in Houston, TX to complain about Mr. Walsh's behavioral pattern prior to his transfer to IAH.

36.  Mr. Johnson's reason for bringing the complaint was because he intended to return to Boston to work and did not want Mr. Walsh to continue to display his previous pattern of behavior towards him, which he believed was inconsistent with company policy.

37.  Mr. Johnson was terminated within 5 months of his April 4, 2001 complaint about Mr. Walsh.

38.  On June 28, 2002 Mr. Johnson applied for employment as a Sky Cap with airport services contractor GlobeGround North America, LLC (GGNA) in Boston, MA.

39.  GGNA at all times material hereto was under contract to provide Sky Cap services to Defendant in Boston, MA.

40.  Sometime after June 28, 2002 a representative for Defendant in Boston, MA requested that Mr. Johnson not be assigned to work for Defendant in his capacity as a Sky Cap.

41.  The reason for the request by the representative in Boston is rooted in Mr. Johnson's previous employment relationship with Defendant.

42.  A relationship that ended with a disputed termination arising out of Mr. Johnson's opposition to Defendant's employment practices.

43.  It is alleged by agents for Defendant that Mr. Johnson's disputed termination, which was processed on August 8, 2001, was the result of his alleged refusal to participate in Defendant's new Electronic Time & Attendance System (eTA).

44.  On February 22, 2003, a White-male Field Services Agent at IAH, after refusing to participate in Defendant's new eTA system, was given an alternative that did not require him to participate in Defendant's new electronic employment practice (eTA), which was not given to Mr. Johnson.

45.  The alternative employment opportunity not given to Plaintiff limited him in such a manner that it deprived him of an equal employment opportunity, enjoyed by the White-male, which is adversely affecting Plaintiff's employment status with Defendant.

-5-

# IV.
## CAUSES OF ACTION

**A.**    **42 U.S.C. §1981**

46.    Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

47.    Defendant, by and through management, intentionally discriminated against Black employees, including Plaintiff, with respect to assignments, promotions, compensation, working conditions, discipline, and discharge.

48.    Defendant, by and through management, intentionally discriminated against and deprived such employees, including Plaintiff, the same benefits, privileges and protections as Whites under the law of the United States of America.

**B.**    **42 U.S.C. §1985**

49.    Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

50.    Defendant, by and through management, intentionally discriminated against Black employees and conspired to interfere with the civil rights of such employees, including Plaintiff, by depriving such employees, including Plaintiff, the same benefits, privileges and protections as Whites under the law of the United States of America.

**C.**    **42 U.S.C. §2000e,** _et seq._

**Retaliation, Disparate Treatment, Disparate Impact**

51.    Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

52.     Defendant, by and through management, intentionally discriminated against Black employees, including Plaintiff, with respect to assignments, promotions, compensation, working conditions, discipline, and discharge.

53.     Defendant, by and through management, intentionally discriminated against and deprived and conspired to deprive such employees, including Plaintiff, the same benefits, privileges, and protections as Whites under the law of the United States of America.

D.     45 U.S.C. § 151, *et seq.*

54.     Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

55.     Defendant, by and through management, failed to exert every reasonable effort to settle all disputes between it and its employees, including Plaintiff, when it failed to consider Plaintiff's dispute concerning rates of pay, rules, and working conditions, or application thereof or otherwise.

E.     49 U.S.C. § 40101, *et seq.*

56.     Plaintiff hereby incorporates all facts and stated in Section III above as if set forth fully herein.

57.     Defendant, by and through management, subjected Plaintiff to unreasonable discrimination in violation of his right to fair, equal, and non-discriminatory treatment in working conditions by an air carrier.

## V.
## DAMAGES

58.     There are certain elements of damages, provided by law, that Plaintiff is entitled to have

the jury in this case consider to determine the sum of money that will fairly and reasonably compensate him for his injuries and losses incurred and to be incurred as a result of Defendant's wrongful acts as set forth above.

59.     Plaintiff will respectfully request the Court and jury to determine the amount of loss he has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.  Specifically, Plaintiff prays that this Court:

1.     Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained herein violated Plaintiff's rights as secured by the Laws of the Constitution of the United States of America;

2.     Issue a preliminary and permanent injunction enjoining Defendant, its agents and employees, from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race/national origin or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law;

3.     Award Plaintiff equitable and compensatory relief, requiring said Defendant to make Plaintiff whole, by back pay; including all accrued interest, insurance benefits, pension benefits, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and so to such positions for which he sought promotions, promotions and otherwise, as authorized by statute for all pay and benefits he has lost, and will continue to lose, as a result of Defendant's wrongful conduct and unlawful discrimination against him;

-8-

4.    Enter an order compelling Defendant to reinstate Plaintiff to the position for which he qualified and/or grant such promotions for which he is qualified, or enter an order awarding pay to the Plaintiff in lieu of reinstatement at those positions;

5.    Award Plaintiff all compensatory and punitive damages to which he has shown himself entitled in amount to be determined by the Court and jury;

6.    Award Plaintiff attorney's fees and costs of court, including expert fees, incurred by Plaintiff in this action;

7.    Award Plaintiff such other and further relief as this Court deems just and proper; and,

8.    Grant Plaintiff a trial by jury for which Plaintiff herein tenders the required fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereto Plaintiff recover his actual and exemplary damages, plus reasonable attorney's fees and costs of court and both pre-and post-judgment interest at the maximum legal rate, and for such other and further relief, both general and special, at law or in equity, to which he may show himself justly entitled under all attending facts and circumstances.

**A jury trial is demanded.**

Respectfully submitted,

Stevan E. Johnson
1421 North Dunton Ave.
Arlington Heights, IL 60004
PRO SE

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that on the ___14___ day of October, 2003 service of summons and a true and complete copy of the above forgoing instrument was made upon Continental Airlines Corporation, through its registered agent CT Corporation Systems, at 101 Federal Street, Boston, Massachusetts 02110, by depositing same in the United States Mail Return Receipt Requested, in an envelope properly addressed and with sufficient postage affixed.

Stevan E. Johnson

-10-